# Exhibit 1

PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- X

NOVARTIS PHARMACEUTICALS
CORPORATION, NOVARTIS AG,
NOVARTIS PHARMA AG, NOVARTIS
INTERNATIONAL PHARMACEUTICAL
LTD. and LTS LOHMANN THERAPIE-
SYSTEME AG

                Plaintiffs,

   v.

ALVOGEN PINE BROOK, INC. and
ALVOGEN GROUP, INC.

                Defendants.

------------------------------------------------------- X

C.A. No. 13-52-RGA (consolidated)

**CONFIDENTIAL**

### PLAINTIFFS' SECOND SET OF REQUESTS TO ALVOGEN
### FOR THE PRODUCTION OF DOCUMENTS AND THINGS

       Pursuant to Rules 34 and 26(e) of the Federal Rules of Civil Procedure and the

applicable Local Rules of the United States District Court for the District of Delaware, Plaintiffs

Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis

International Pharmaceutical Ltd. and LTS Lohmann Therapie-Systeme AG (collectively,

"Plaintiffs") hereby request that Defendants Alvogen Pine Brook, Inc. and Alvogen Group, Inc.

(collectively, "Defendants" or "Alvogen"), produce each of the documents and things requested

below on or within thirty (30) days at the offices of Fitzpatrick, Cella, Harper & Scinto, at 1290

Avenue of the Americas, New York, New York 10104-3800.

## DEFINITIONS

Plaintiffs incorporate by reference the Definitions set forth in Plaintiffs' First Set of Requests to Alvogen for the Production of Documents and Things dated March 4, 2013, and supplement those Definitions with the following:

1.  "Alvogen's ANDA Products" means the rivastigmine transdermal system in 4.6 mg/24 hr, 9.5 mg/24 hr, and 13.3 mg/24 hr dosage strengths for which Alvogen seeks FDA approval in its ANDA 204403.

## INSTRUCTIONS

Plaintiffs incorporate by reference the Instructions set forth in Plaintiffs' First Set of Requests to Alvogen for the Production of Documents and Things dated March 4, 2013, and supplement those Instructions with the following:

1.  If a request indicates that materials are to be delivered to Molecular Profiles, the requested materials shall be supplied and packaged as indicated in the request and shipped to:

> Molecular Profiles Ltd.
> 8 Orchard Place
> Nottingham Business Park
> Nottingham, UK
> NG8 6PX

## REQUESTED DOCUMENTS AND THINGS

55.    400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch number ████████████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

56.    400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch number ████████████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

57.    400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch number ████████████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

58.    To the extent not covered by the above requests, 400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ████████ ████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

59.    200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ████████████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

60.    200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ████████████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

61.    200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ████████████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

62.     To the extent not covered by the above requests, 200 patches of Alvogen's

9.5 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ███████

████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

63.     200 patches of Alvogen's 13.3 mg/24 hr ANDA Product from

manufacturing batch number ███████████████████████████ as described in

Alvogen's ANDA, delivered directly to Molecular Profiles.

64.     To the extent not covered by the above requests, 200 patches of Alvogen's

13.3 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ███████

████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

65.     200 ████████████████████████████████████████████

██████████████████████████████████ used to package each

patch of Alvogen's ANDA Products as described in Alvogen's ANDA, delivered directly to

Molecular Profiles.

66.     5 square meters ██████████████████████████

████████████████████████████████████████████

████████████████████████ and packaged into a cardboard tube such as FedEx

tube box 50" X 6" X 6" or equivalent, delivered directly to Molecular Profiles.

67.     5 square meters ██████████████████████████

████████████████████████████████████████████

████████████████████████ and packaged into a cardboard tube such as FedEx

tube box 50" X 6" X 6" or equivalent, delivered directly to Molecular Profiles.

68.     5 square meters of ████████████████████████████

████████████████████████████████████████████

███████████████████████████████████ packaged into a cardboard tube

such as FedEx tube box 50" X 6" X 6" or equivalent, and shipped ██████████████

██████████████, delivered directly to Molecular Profiles.

    69.   1 kg of ███████████████████████████

████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered

directly to Molecular Profiles.

    70.   1 kg of the ████████████████████████

████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered

directly to Molecular Profiles.

    71.   1 kg of the ████████████████████████

████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered

directly to Molecular Profiles.

    72.   500 g of █████████████████████

██████████████████████████████████ supplied in a screw-top glass

container and packaged suitably for shipping, delivered directly to Molecular Profiles.

    73.   500 g of █████████████████████

████████████████████████████ supplied in a screw-top glass

container and packaged suitably for shipping, delivered directly to Molecular Profiles.

    74.   1 kg of ███████████████████████████████

██████████████████████████████████ supplied in a screw-

top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

75.    500 g ████████████████████ used in Alvogen's ANDA Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

76.    5 g ████████████████████████ used in Alvogen's ANDA Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

77.    20 g of the ██████████ rivastigmine API used in Alvogen's ANDA Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

78.    500 ml ████████████████████████████████████ ████████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

79.    500 ml ████████████████████████████ ████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

Dated: May 28, 2013

McCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
*mkelly@mccarter.com*
*dsilver@mccarter.com*

Attorneys for Plaintiffs

Of Counsel:

Nicholas N. Kallas
Filko Prugo
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true copies of Plaintiffs' Second Set of

Requests to Alvogen for the Production of Documents and Things were caused to be served this

28th day of May 2013, upon the following:

| BY HAND AND BY EMAIL | BY EMAIL |
|---|---|
| Dominick T. Gattuso<br>PROCTOR HEYMAN LLP<br>300 Delaware Ave., Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>*dgattuso@proctorheyman.com* | Chad A. Landmon<br>AXINN, VELTROP & HARKRIDER LLP<br>90 State House Square, 9th Floor<br>Hartford, CT 06103-3704<br>(860) 275-8100<br>*cal@avhlaw.com* |
| | Josephine Liu<br>Saira B. Haider<br>AXINN, VELTROP & HARKRIDER LLP<br>114 West 47 Street<br>New York, NY 10036<br>(212) 728-2200<br>*jl@avhlaw.com*<br>*sbh@avhlaw.com* |

Attorneys for Defendants
Alvogen Pine Brook, Inc. and
Alvogen Group, Inc.

/s/ Daniel M. Silver
Daniel M. Silver (#4758)

# Exhibit 2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG, | ) ) ) ) ) | |
| *Plaintiffs,* | ) | Civil Action No. 1:13-cv-00052-RGA |
| v. | ) | (CONSOLIDATED) |
| ALVOGEN PINE BROOK, INC. and ALVOGEN GROUP, INC. | ) ) | (If the action is pending in another district, state where:) |
| *Defendants.* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

■ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

### SEE ATTACHMENT A

| Place: Fitzpatrick, Cella, Harper & Scinto, 1290 Avenue of the Americas, 17th Floor, New York, NY, 10104-3800 | Date and Time: June 28, 2013, 10:30 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *May 28, 2013*

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  NOVARTIS PHARMS. CORP. ET AL., and LTS LOHMANN THERAPIE-SYSTEME AG    , who issues or requests this subpoena, are: Christopher E. Loh, Esq., Fitzpatrick, Cella, Harper & Scinto, 1290 Avenue of the Americas, New York, NY 10104-3800 CLoh@fchs.com, (212) 218-2100

PUBLIC VERSION

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:11-cv-00052-RGA (CONSOLIDATED)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)**

<u>**ATTACHMENT A – SUBPOENA SCHEDULE FOR**</u> █████████

<u>**Definitions**</u>

1.   ████████████████████████████████████
████████████████████████████████████████

2.   "ANDA" means Abbreviated New Drug Application, as used in 21 U.S.C. § 355(j) and all regulations issued by the FDA pursuant thereto.

3.   "DMF" means Drug Master File as used in the United States Federal Food, Drug and Cosmetic Act and all regulations issued by the FDA pursuant thereto.

4.   "FDA" means the United States Food and Drug Administration, including without limitation its employees, scientists, technicians, agents, examiners and laboratories.

5.   "Rivastigmine" means the compound identified by the chemical nomenclature (S)-3-[1-(dimethylamino)ethyl]-phenyl ethylmethylcarbamate or (S)-[N-ethyl-3-[(1-dimethylamino)ethyl]-N-methyl-phenyl-carbamate].

6.   "Plaintiffs" means Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd. and LTS Lohmann Therapie-Systeme AG.

7.   "Alvogen" means Alvogen Pine Brook, Inc., and Alvogen Group, Inc., and each of their respective officers, directors, employees, partners, corporate parents, subsidiaries and affiliates.

8.   "Alvogen's ANDA" means ANDA No. 204403.

9.   "Alvogen's ANDA Products" means the rivastigmine transdermal system, 4.6 mg/24 hr, 9.5 mg/24 hr, and 13.3 mg/24 hr dosages, for which Alvogen seeks FDA approval in ANDA No. 204403.

**CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)**

10.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure.  A draft or non-identical copy is a separate document within the meaning of this term.

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

## Instructions

1.     Each document and thing requested below shall be produced in its entirety.  If a document or thing responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2.     Each request shall be answered on the basis of your entire knowledge, from all sources, after an appropriate good faith inquiry has been made and a search has been conducted.

3.     If any part of a document or thing is responsive to any of the following requests, the entire document or thing shall be produced.

4.     If you object to the scope or breadth of these requests, you shall identify those documents and things that you will produce notwithstanding the objection.

5.     These requests shall be deemed continuing and you shall supplement your responses in accordance with Federal Rule of Civil Procedure 26(e) within a reasonable time if you obtain or become aware of any further documents and things responsive to these requests.

6.     If you withhold any document or thing from discovery on the basis of the attorney-client privilege, work-product protection, an obligation of confidentiality owed to a third party, or other ground of privilege or immunity, you shall describe under Federal Rule of Civil Procedure 26(b)(5) the nature of the information being withheld and the privilege or immunity asserted in a manner that will enable Plaintiffs to assess the applicability of the claimed privilege or immunity.

7.     Documents and things must be produced as they are maintained in the normal course of business and:

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

    a.  all associated file labels, file headings thereon and file folders shall be produced together with the responsive documents from each file such that the labels, headings, and folders precede the documents with which they are associated;

    b.  all documents that cannot be legibly copied shall be produced in their original form, otherwise, You may produce photocopies; and

    c.  each page shall be given a discrete production number.

8.    If you are aware that a document or thing once existed but has been destroyed, you shall state when the document or tangible thing was destroyed and the circumstances under which it was destroyed.

9.    Unless otherwise indicated in a particular request, these requests are not date or time limited.

10.    The nonparty receiving this subpoena is entitled to invoke the confidentiality provisions of the Stipulated Protective Order entered in this case, and may mark produced documents and things accordingly. A copy of the Stipulated Protection Order is included herewith as Attachment B.

11.    If a request indicates that materials shall be delivered to Molecular Profiles, the requested materials shall be supplied and packaged as indicated in the request and shipped to:

Molecular Profiles Ltd.
8 Orchard Place
Nottingham Business Park
Nottingham, UK
NG8 6PX

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

## Categories for Subpoena Duces Tecum

1.     All documents and things concerning Alvogen's ANDA Products.

2.     All documents and things concerning the (i) composition, (ii) raw materials used during manufacture, or (iii) presence or absence of any antioxidant (including but not limited to tocopherol, tocopherol acetate, ascorbyl palmitate, ascorbic acid, butylhydroxytoluene, butylhydroxyanisole and/or propyl gallate) in or during the manufacture, storage and/or shipment Alvogen's ANDA Products.

3.     400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch number ███████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

4.     400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch number ███████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

5.     400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch number ███████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

6.     To the extent not covered by the above requests, 400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ████████ ███████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

7.     200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ███████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

8.      200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ███████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

9.      200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ███████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

10.      To the extent not covered by the above requests, 200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ████████ ██████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

11.      200 patches of Alvogen's 13.3 mg/24 hr ANDA Product from manufacturing batch number ███████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

12.      To the extent not covered by the above requests, 200 patches of Alvogen's 13.3 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ████████ ██████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

13.      All documents and things concerning the (i) composition, (ii) raw materials used during manufacture, or (iii) presence or absence of any antioxidant (including but not limited to tocopherol, tocopherol acetate, ascorbyl palmitate, ascorbic acid, butylhydroxytoluene, butylhydroxyanisole and/or propyl gallate) in or during the manufacture, storage and/or shipment of the excipients and/or other materials used in Alvogen's ANDA Products.

14.      All documents and things concerning ████████████████

████████████████████████████████

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

██████████████████████████████████ as described in Alvogen's

ANDA.

15.    200 █████████████████████████████████████

████████████████████████████████████████████████████

as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

16.    All documents and things concerning the ██ ████████ ████████

██████ used in Alvogen's ANDA Products.

17.    5 square meters ████████ ████████ ████████████

████████████████████████████████████████████████

██████████████████████, and packaged into a cardboard tube such as FedEx

tube box 50" X 6" X 6" or equivalent, delivered directly to Molecular Profiles.

18.    All documents and things concerning the ██ ████████ ████████

██████ used in Alvogen's ANDA Products.

19.    5 square meters of the ██ ████████ ████████████

████████████████████████████████████████████████████

██████████████████████ and packaged into a cardboard tube such as FedEx

tube box 50" X 6" X 6" or equivalent, delivered directly to Molecular Profiles.

20.    All documents and things concerning the ████████████████████

██████████████████ used in Alvogen's ANDA Products ████████████

████████████████████████████████████████.

21.    5 square meters of the ████████████████████████████████

████████████████████████████████████████████

██████████████████████████, packaged into a cardboard tube

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

such as FedEx tube box 50" X 6" X 6" or equivalent, and shipped separately from the release

liner and laminate backing, delivered directly to Molecular Profiles.

22.  All documents and things concerning the ███████████████

used in Alvogen's ANDA Products.

23.  1 kg of the ███████████████ used in Alvogen's ANDA

Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered

directly to Molecular Profiles.

24.  All documents and things concerning ███████████████

used in Alvogen's ANDA Products.

25.  1 kg of the ███████████████ used in Alvogen's ANDA

Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered

directly to Molecular Profiles.

26.  All documents and things concerning the ███████████████

used in Alvogen's ANDA Products.

27.  1 kg of the ███████████████ used in Alvogen's ANDA

Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered

directly to Molecular Profiles.

28.  1 kg of the ███████████████

███████████████████████████████████████████

███████████████████  ███████████████████

██████████████████████████████████████, supplied in

a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular

Profiles.



CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

29.     All documents and things concerning the ███████████████ used in Alvogen's ANDA Products.

30.     500 g of the ███████████████ used in Alvogen's ANDA Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

31.     All documents and things concerning the ███████████████████ used in Alvogen's ANDA Products.

32.     5 g of the ███████████████ used in Alvogen's ANDA Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

33.     All documents and things concerning the ██████████ rivastigmine API used in Alvogen's ANDA Products.

34.     All documents and things concerning the (i) composition, (ii) raw materials used during manufacture, or (iii) presence or absence of any antioxidant (including but not limited to tocopherol, tocopherol acetate, ascorbyl palmitate, ascorbic acid, butylhydroxytoluene, butylhydroxyanisole and/or propyl gallate) in or during the manufacture, storage and/or shipment of rivastigmine as supplied by ████████████.

35.     All documents and things concerning the stability and/or degradation of rivastigmine as supplied by ████████████, and the conditions under which such stability and/or degradation is assessed (including but not limited to temperature, humidity and the use of nitrogen or other measures to exclude or limit exposure to oxygen).

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

36.     20 g of the ▮▮▮▮▮▮▮▮ rivastigmine API used in Alvogen's ANDA

Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered

directly to Molecular Profiles.

37.     All documents and things concerning the ▮▮▮▮▮▮▮▮▮▮ used

in Alvogen's ANDA Products.

38.     500 g of the ▮▮▮▮▮▮▮▮▮▮ used in Alvogen's ANDA

Products, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮, supplied in a screw-top glass container and packaged suitably for

shipping, delivered directly to Molecular Profiles.

39.     All documents and things concerning ▮▮▮▮▮▮▮▮▮▮

used in Alvogen's ANDA Products.

40.     500 g of the ▮▮▮▮▮▮▮▮▮ used in Alvogen's ANDA

Products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ supplied in a screw-top glass container and packaged suitably for

shipping, delivered directly to Molecular Profiles.

41.     500 ml ▮▮▮▮▮▮▮▮▮▮▮▮▮

Alvogen's ANDA Products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮,supplied in a screw-top glass container and packaged

suitably for shipping, delivered directly to Molecular Profiles.

42.     500 ml of ▮▮▮▮▮▮▮ used in manufacturing process of

Alvogen's ANDA Products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮, supplied in a screw-top glass container and packaged

suitably for shipping, delivered directly to Molecular Profiles.

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)

43.     All contracts and agreements with Alvogen concerning a rivastigmine transdermal system.

44.     All communications with FDA concerning Alvogen's ANDA Products and/or the active ingredient, excipients and/or materials used therein, including but not limited to rivastigmine, ███ ████████ █████████ ██████ ████████ ████████████████████████████████████ ██████████████████████████████████ ███████ used in Alvogen's ANDA Products.

45.     All communications with Alvogen concerning Alvogen's ANDA Products and/or the active ingredient, excipients and/or materials used therein, including but not limited to rivastigmine, ███ ████████ █████████ ██████ ████████ ████████████████████████████████████ ██████████████████████████████████ ███████ used in Alvogen's ANDA Products.

46.     All communications with each supplier of the active ingredient, excipients and/or materials used in Alvogen's ANDA Products or in the manufacture of Alvogen's ANDA Products, including but not limited to rivastigmine, ███ ████████ ████████ ███████ ████████████████████████ ████████████████████████████████ ██████████████

47.     All documents and things concerning whether the active ingredient, excipients and/or materials used in, or in the manufacture of, Alvogen's ANDA Products, including but not limited to rivastigmine, ███ ████████ ████████████████ █████████

CONFIDENTIAL – Subject to Protective Order Entered In
Civil Action No. 13-cv-00052-RGA (consolidated) (D. Del.)



, contain an antioxidant (including but not limited to tocopherol, tocopherol acetate, ascorbyl palmitate, ascorbic acid, butylhydroxytoluene, butylhydroxyanisole and/or propyl gallate).

48.     All documents and things concerning the peroxide numbers of rivastigmine,



used in Alvogen's ANDA Products (*i.e.*, the amount of milliequivalents of active oxygen per kilogram of substance), including but not limited to documents concerning any specifications, methods or tests used to determine the peroxide numbers.

49.     All documents and things concerning the decision to file an ANDA for a rivastigmine transdermal system.

50.     All documents and things concerning the research and development of a rivastigmine transdermal system, including but not limited to the research and development of Alvogen's ANDA Products.

51.     All documents and things concerning the research and development of methods and/or processes to stabilize rivastigmine in a rivastigmine transdermal system, including but not limited to in Alvogen's ANDA Products.

# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALVOGEN PINE BROOK, INC. and ALVOGEN GROUP, INC.,<br><br>        Defendants. | C.A. No. 1:13-cv-00052-RGA<br>(Consolidated)<br><br>**CONFIDENTIAL –**<br>**SUBJECT TO PROTECTIVE**<br>**ORDER** |

### ALVOGEN PINE BROOK, INC.'S AND ALVOGEN GROUP, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 55-79)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, Defendants Alvogen Pine Brook, Inc. and Alvogen Group, Inc. (collectively "Alvogen"), through their undersigned counsel of record, hereby submit the following responses and objections to Plaintiffs' Second Set of Requests to Alvogen for the Production of Documents and Things ("Requests") as follows:

### INTRODUCTORY RESPONSE

Alvogen will respond to the Requests on the basis of the best information available to it at the time as good faith efforts allow and subject to the objections described below. Alvogen will respond to the Requests as it interprets and understands each Request set forth herein. If Plaintiffs subsequently assert an interpretation of any Request that differs from Alvogen's understanding, Alvogen reserves the right to supplement its objections and/or responses.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Alvogen's willingness to respond to any particular Request does not constitute an admission that Alvogen agrees with any characterization, definition or assumption contained in the Request, or an assumption or acknowledgement by Alvogen that the Request is proper, the information or document sought is within the proper bounds of discovery, or demands for similar documents and things will be treated in similar fashion.  Furthermore, a statement that any material(s) will be produced in response to a particular Request does not mean Alvogen knows such materials exists or is in its possession, custody or control.

Alvogen has not yet completed its discovery relating to this case and its investigation of the facts is continuing.  Alvogen anticipates that additional information and/or documents responsive to the Requests might be obtained as discovery proceeds.  Alvogen's responses to the Requests are therefore made without prejudice to Alvogen's right to amend, correct or supplement its responses to the Requests or its production under the Requests, or to otherwise introduce any and all documents and/or other evidence of any kind in the proceedings in this action.

## GENERAL OBJECTIONS

Alvogen incorporates by reference the General Objections, in their entirety, as stated in Alvogen Pine Brook, Inc.'s and Alvogen Group, Inc.'s Responses to Plaintiffs' First Set of Requests for the Production of Documents and Things (Nos. 1-54), which were served by Alvogen on April 3, 2013.

A.      Alvogen objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek the production of materials that relate to any subject matter beyond the scope of Plaintiffs' claims in this action, Defendants' defenses thereto and counterclaims, on the grounds that they are not relevant and are not likely to lead to the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

discovery of admissible evidence.

      B.    Alvogen specifically objects to Instruction No. 1, which states that, if a request indicates that materials shall be delivered to Molecular Profiles, "the requested materials shall be supplied and packaged as indicated in the request and shipped to:  Molecular Profiles, Ltd." located in Nottingham, UK, as unduly burdensome to the extent it seeks to require production of material(s) to be delivered to a location outside the jurisdiction of the District Court for the District of Delaware, namely Nottingham, UK.

* * *

      Without waiving the foregoing objections, but in express reliance thereon, Alvogen incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

**REQUEST NO. 55:**

      400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch number ▮▮▮▮▮▮▮▮▮▮▮▮ described in Alvogen's ANDA, delivered directly to Molecular Profiles.

**RESPONSE:**

      In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "400 patches." Alvogen further objects to this Request to the extent it seeks information ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ as neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as vague and ambiguous in its use of the phrase ▮▮▮▮▮▮ Alvogen

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

further objects to this Request to the extent it seeks materials and things that are the confidential

and proprietary information of a third party, the joint confidential and proprietary information of

Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. Alvogen further objects to this Request as unduly burdensome to

the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen objects

to this Request to the extent that the information it seeks may be obtained from another source

that is more convenient, less burdensome or less expensive, given that Alvogen has already

produced its ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks

materials and things that are not within Alvogen's possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request,

Alvogen will produce, to the extent such production is non-duplicative of any production,

100 patches of Alvogen's 4.6 mg/24 hr ANDA Product as described in Alvogen's ANDA within

its possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 56:**

400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch

number ███████████████████████ as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request as overly broad and unduly burdensome to the extent it seeks "400

patches." Alvogen further objects to this Request to the extent it seeks information ████████

████████████ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to

PUBLIC VERSION

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

this Request as vague and ambiguous in its use of the phrase ███████████ Alvogen

further objects to this Request to the extent it seeks materials and things that are the confidential

and proprietary information of a third party, the joint confidential and proprietary information of

Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. Alvogen further objects to this Request as unduly burdensome to

the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further

objects to this Request to the extent it is duplicative of other Requests, including Request No. 55,

seeking patches of Alvogen's 4.6 mg/24 hr ANDA Product. Alvogen objects to this Request to

the extent that the information it seeks may be obtained from another source that is more

convenient, less burdensome or less expensive, given that Alvogen has already produced its

ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks materials and

things that are not within Alvogen's possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request,

Alvogen will produce, to the extent such production is non-duplicative of any production, 100

patches of Alvogen's 4.6 mg/24 hr ANDA Product as described in Alvogen's ANDA within its

possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 57:**

400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch

number ███████████████ as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request as overly broad and unduly burdensome to the extent it seeks "400

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

patches." Alvogen further objects to this Request to the extent it seeks information ████████

████████████ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to

this Request as vague and ambiguous in its use of the phrase ██████████ Alvogen

further objects to this Request to the extent it seeks materials and things that are the confidential

and proprietary information of a third party, the joint confidential and proprietary information of

Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. Alvogen further objects to this Request as unduly burdensome to

the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further

objects to this Request to the extent it is duplicative of other Requests, including Request Nos.

55-56, seeking patches of Alvogen's 4.6 mg/24 hr ANDA Product. Alvogen objects to this

Request to the extent that the information it seeks may be obtained from another source that is

more convenient, less burdensome or less expensive, given that Alvogen has already produced

its ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks materials

and things that are not within Alvogen's possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request,

Alvogen will produce, to the extent such production is non-duplicative of any production, 100

patches of Alvogen's 4.6 mg/24 hr ANDA Product as described in Alvogen's ANDA within its

possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 58:**

To the extent not covered by the above requests, 400 patches of Alvogen's 4.6 mg/24 hr

ANDA Product from the most recent ANDA manufacturing batch ████████████████

████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "400 patches." Alvogen further objects to this Request to the extent it seeks information ███████ ████████████████ as neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as vague and ambiguous in its use of the phrase ████████████ Alvogen further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 55-57, seeking patches of Alvogen's 4.6 mg/24 hr ANDA Product. Alvogen objects to this Request to the extent that the information it seeks may be obtained from another source that is more convenient, less burdensome or less expensive, given that Alvogen has already produced its ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 59:**

200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ██████████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "200 patches." Alvogen further objects to this Request to the extent it seeks information █████ ███████ as neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as vague and ambiguous in its use of the phrase ███████████ Alvogen further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen objects to this Request to the extent that the information it seeks may be obtained from another source that is more convenient, less burdensome or less expensive, given that Alvogen has already produced its ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request, Alvogen will produce, to the extent such production is non-duplicative of any production by any third-party manufacturer, 100 patches of Alvogen's 9.5 mg/24 hr ANDA Product as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 60:**

200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

number █████████████████████████ s described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request as overly broad and unduly burdensome to the extent it seeks "200

patches." Alvogen further objects to this Request to the extent it seeks information █████████

██████████████ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to

this Request as vague and ambiguous in its use of the phrase ███████████ Alvogen

further objects to this Request to the extent it seeks materials and things that are the confidential

and proprietary information of a third party, the joint confidential and proprietary information of

Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. Alvogen further objects to this Request as unduly burdensome to

the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further

objects to this Request to the extent it is duplicative of other Requests, including Request No. 59,

seeking patches of Alvogen's 9.5 mg/24 hr ANDA Product. Alvogen objects to this Request to

the extent that the information it seeks may be obtained from another source that is more

convenient, less burdensome or less expensive, given that Alvogen has already produced its

ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks materials and

things that are not within Alvogen's possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request,

Alvogen will produce, to the extent such production is non-duplicative of any production, 100

patches of Alvogen's 9.5 mg/24 hr ANDA Product as described in Alvogen's ANDA within its

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 61:**

200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch

number  as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request as overly broad and unduly burdensome to the extent it seeks "200

patches." Alvogen further objects to this Request to the extent it seeks information

as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to

this Request as vague and ambiguous in its use of the phrase                          Alvogen

further objects to this Request to the extent it seeks materials and things that are the confidential

and proprietary information of a third party, the joint confidential and proprietary information of

Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. Alvogen further objects to this Request as unduly burdensome to

the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further

objects to this Request to the extent it is duplicative of other Requests, including Request Nos.

59-60, seeking patches of Alvogen's 9.5 mg/24 hr ANDA Product. Alvogen objects to this

Request to the extent that the information it seeks may be obtained from another source that is

more convenient, less burdensome or less expensive, given that Alvogen has already produced

its ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks materials

and things that are not within Alvogen's possession, custody or control.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving its Specific and General Objections to this Request, Alvogen will produce, to the extent such production is non-duplicative of any production, 100 patches of Alvogen's 9.5 mg/24 hr ANDA Product as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 62:**

To the extent not covered by the above requests, 200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ███████████████ ███████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "200 patches." Alvogen further objects to this Request to the extent it seeks information ██████████ ███████████████████ as neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as vague and ambiguous in its use of the phrase ████████████ Alvogen further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 59-61 seeking patches of Alvogen's 9.5 mg/24 hr ANDA Product. Alvogen objects to this Request to the extent that the information it seeks may be obtained from another source that is

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

more convenient, less burdensome or less expensive, given that Alvogen has already produced

its ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks materials

and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 63:**

200 patches of Alvogen's 13.3 mg/24 hr ANDA Product from manufacturing batch

number ███████████████████████ as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request as overly broad and unduly burdensome to the extent it seeks "200

patches." Alvogen further objects to this Request to the extent it seeks information ███████

███████████ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to

this Request as vague and ambiguous in its use of the phrase ███████████ Alvogen

further objects to this Request to the extent it seeks materials and things that are the confidential

and proprietary information of a third party, the joint confidential and proprietary information of

Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. Alvogen further objects to this Request as unduly burdensome to

the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen objects

to this Request to the extent that the information it seeks may be obtained from another source

that is more convenient, less burdensome or less expensive, given that Alvogen has already

produced its ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks

materials and things that are not within Alvogen's possession, custody or control.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving its Specific and General Objections to this Request, Alvogen will produce, to the extent such production is non-duplicative of any production, 100 patches of Alvogen's 13.3 mg/24 hr ANDA Product as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 64:**

To the extent not covered by the above requests, 200 patches of Alvogen's 13.3 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ███████████ ██████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "200 patches." Alvogen further objects to this Request to the extent it seeks information ███████ █████████████████ as neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as vague and ambiguous in its use of the phrase ██████████████ Alvogen further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request to the extent it is duplicative of other Requests, including Request No. 63, seeking patches of Alvogen's 13.3 mg/24 hr ANDA Product. Alvogen objects to this Request to the extent that the information it seeks may be obtained from another source that is more

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

convenient, less burdensome or less expensive, given that Alvogen has already produced its

ANDA to Plaintiffs. Alvogen further objects to this Request to the extent it seeks materials and

things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 65:**



described in Alvogen's ANDA, delivered directly to Molecular

Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request to the extent it seeks materials and things that are neither relevant to the

claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery

of admissible evidence. Alvogen further objects to this Request as vague and ambiguous in its

use of the phrase █████████ Alvogen further objects to this Request as overly broad

and unduly burdensome to the extent it seeks "200 █████ Alvogen further objects to

this Request as unduly burdensome to the extent it seeks delivery of the information "directly to

Molecular Profiles." Alvogen further objects to this Request to the extent it seeks materials and

things that are the confidential and proprietary information of a third party, the joint confidential

and proprietary information of Alvogen and a third party, or the subject of non-disclosure

agreements and/or confidentiality agreements with third parties. Alvogen further objects to this

Request to the extent it seeks materials and things that are not within Alvogen's possession,

custody or control.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 66:**

5 square meters ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ and packaged into a cardboard tube such as FedEx tube box 50" X 6"

X 6" or equivalent, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request as overly broad and unduly burdensome to the extent it seeks "5 square

meters." Alvogen further objects to this Request to the extent it seeks materials and things that

are neither relevant to the claims or defenses of any party in this action, nor reasonably

calculated to lead to the discovery of admissible evidence. Alvogen further objects to this

Request as unduly burdensome to the extent it seeks delivery of the information "directly to

Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests

to the extent it seeks materials intended to be used to make the patches requested in Request Nos.

55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be

obtained from another source that is more convenient, less burdensome or less expensive.

Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in

Alvogen's ANDA, which the Plaintiffs have, and that are available from public sources.

Alvogen further objects to this Request to the extent it seeks materials and things that are not

within Alvogen's possession, custody or control.

**REQUEST NO. 67:**

5 square meters ████████████████████████████████████████

████████████████████████████████████████████████████████

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

██████████████████████ and packaged into a cardboard tube such as FedEx tube box 50" X 6"

X 6" or equivalent, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request as overly broad and unduly burdensome to the extent it seeks "5 square

meters." Alvogen further objects to this Request to the extent it seeks materials and things that

are neither relevant to the claims or defenses of any party in this action, nor reasonably

calculated to lead to the discovery of admissible evidence. Alvogen further objects to this

Request as unduly burdensome to the extent it seeks delivery of the information "directly to

Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests

to the extent it seeks materials intended to be used to make the patches requested in Request Nos.

55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be

obtained from another source that is more convenient, less burdensome or less expensive.

Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in

Alvogen's ANDA, which the Plaintiffs have, and that are available from public sources.

Alvogen further objects to this Request to the extent it seeks materials and things that are not

within Alvogen's possession, custody or control.

**REQUEST NO. 68:**



5 square meters ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ packaged into a cardboard tube such as FedEx tube

box 50" X 6" X 6" or equivalent, and shipped ████████████████████

████████████████ directly to Molecular Profiles.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "5 square meters." Alvogen further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 69:**

1 kg ████████████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "1 kg." Alvogen further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have, and that are available from public sources. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 70:**

1 kg ███████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "1 kg." Alvogen further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

the discovery of admissible evidence. Alvogen further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of Alvogen and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs already have. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 71:**

    1 kg ████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

    In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "1 kg." Alvogen further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of Alvogen and a third party, or the subject of

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

non-disclosure agreements and/or confidentiality agreements with third parties. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs already have. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 72:**

500 g ████████████████████████████████
████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as overly broad and unduly burdensome to the extent it seeks "500 g." Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. Alvogen objects to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have, and that are available from public sources. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 73:**

500 g ███████████████████████████████████████████

██████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as overly broad and unduly burdensome to the extent it seeks "500 g." Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have, and that are available from public sources. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 74:**

1 kg ████████████████████████████████████████

██████████████████████████████████ supplied in a screw-top glass

container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request to the extent it seeks materials and things that are neither relevant to the

claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery

of admissible evidence. Alvogen further objects to this Request as overly broad and unduly

burdensome to the extent it seeks "1 kg." Alvogen further objects to this Request to the extent it

seeks materials and things that are the confidential and proprietary information of a third party,

the joint confidential and proprietary information of Alvogen and a third party, or the subject of

non-disclosure agreements and/or confidentiality agreements with third parties. Alvogen further

objects to this Request as unduly burdensome to the extent it seeks delivery of the information

"directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the

other Requests to the extent it seeks materials intended to be used to make the patches requested

in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and

things that are disclosed in Alvogen's ANDA, which the Plaintiffs already have. Alvogen

further objects to this Request to the extent it seeks materials and things that are not within

Alvogen's possession, custody or control.

**REQUEST NO. 75:**

500 g ████████████████████████████████████ supplied in a

screw-top glass container and packaged suitably for shipping, delivered directly to Molecular

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "500 g." Alvogen further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have, and that are available from public sources. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 76:**

5 g of ███████████████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request as overly broad and unduly burdensome to the extent it seeks "5 g."

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Alvogen further objects to this Request to the extent it seeks materials and things that are neither

relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to

the discovery of admissible evidence. Alvogen further objects to this Request as unduly

burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles."

Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks

materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen

objects to this Request to the extent it seeks materials and things that may be obtained from

another source that is more convenient, less burdensome or less expensive. Alvogen objects to

this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA,

which the Plaintiffs have, and that are available from public sources. Alvogen further objects to

this Request to the extent it seeks materials and things that are not within Alvogen's possession,

custody or control.

**REQUEST NO. 77:**

20 g of ███████████ rivastigmine API used in Alvogen's ANDA Products, supplied

in a screw-top glass container and packaged suitably for shipping, delivered directly to

Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen

objects to this Request as overly broad and unduly burdensome to the extent it seeks "20 g."

Alvogen further objects to this Request to the extent it seeks materials and things that are neither

relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to

the discovery of admissible evidence. Alvogen further objects to this Request as unduly

burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles."

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have, and that are available from public sources. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 78:**

      500 ml ███████████████████████████

██████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as overly broad and unduly burdensome to the extent it seeks "500 ml." Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. Alvogen objects to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have, and that are available from public sources. Alvogen further objects to this Request to the extent it seeks materials and things that are not within Alvogen's possession, custody or control.

**REQUEST NO. 79:**

500 ml of the ████████████████████████████████ ████████████████████████████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as overly broad and unduly burdensome to the extent it seeks "500 ml." Alvogen further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Alvogen further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." Alvogen further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 55-64. Alvogen objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. Alvogen objects to this Request to the extent it seeks materials and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have, and that are

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

available from public sources. Alvogen further objects to this Request to the extent it seeks

materials and things that are not within Alvogen's possession, custody or control.

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
E-mail: dgattuso@proctorheyman.com
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300

*Attorney for Defendants Alvogen Pine
Brook, Inc. and Alvogen Group, Inc.*

OF COUNSEL:

AXINN, VELTROP & HARKRIDER LLP
Chad A. Landmon
E-mail: cal@avhlaw.com
90 State House Square, 9th Floor
Hartford, CT 06103-3704
(860) 275-8100

AXINN, VELTROP & HARKRIDER LLP
Josephine Liu
E-mail: jl@avhlaw.com
Saira B. Haider
E-mail: sbh@avhlaw.com
114 West 47th Street
New York, NY 10036
(212) 728-2200

Dated: June 27, 2013

Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVARTIS PHARMACEUTICALS
CORPORATION, NOVARTIS AG,
NOVARTIS PHARMA AG, NOVARTIS
INTERNATIONAL PHARMACEUTICAL
LTD. and LTS LOHMANN THERAPIE-
SYSTEME AG,

             Plaintiffs,

             v.

ALVOGEN PINE BROOK, INC. and
ALVOGEN GROUP, INC.,

             Defendants.

C.A. No. 1:13-cv-00052-RGA
(Consolidated)

**HIGHLY CONFIDENTIAL,
OUTSIDE COUNSEL EYES ONLY
– Subject to Local Rule 26.2**

**NON-PARTY** █████████
**RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS (NOS. 1-51)**

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Non-Party █████

███████ through their undersigned counsel of record, hereby submit the following

responses and objections to Novartis Pharmaceuticals Corporation's, Novartis AG's, Novartis

Pharma AG's, Novartis International Pharmaceutical Ltd.'s and LTS Lohmann Therapie

Systeme AG's (collectively "Plaintiffs") Subpoena To Produce Documents, Information or

Objects to ██████(collectively "Requests") as follows:

**INTRODUCTORY RESPONSE**

████will respond to the Requests on the basis of the best information available to it at

the time as good faith efforts allow and subject to the objections described below. ██████will

respond to the Requests as it interprets and understands each Request set forth herein.  If

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

Plaintiffs subsequently assert an interpretation of any Request that differs from ███ understanding, ███ reserves the right to supplement its objections and/or responses.

███ willingness to respond to any particular Request does not constitute an admission that ███ agrees with any characterization, definition or assumption contained in the Request, or an assumption or acknowledgement by ███ that the Request is proper, the information or document sought is within the proper bounds of discovery, or demands for similar documents and things will be treated in similar fashion. Furthermore, a statement that any document will be produced in response to a particular Request does not mean ███ knows such document exists or is in its possession, custody or control.

███ responses to the Requests are therefore made without prejudice to ███ right to amend, correct or supplement its responses to the Requests or its production under the Requests, or to otherwise introduce any and all documents and/or other evidence of any kind in the proceedings in this action.

## GENERAL OBJECTIONS

A.     ███ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek to impose burdens different from or that exceed the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules.

B.     ███ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they call for the discovery of documents and things protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege and/or any other applicable privilege. The Requests have been read to exclude the discovery of such privileged information and documents. The inadvertent production of any information or document that is privileged or otherwise protected from discovery shall not constitute a waiver of

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

any such privilege.  Documents withheld on the basis of privilege will be identified in a privilege

log in accordance with Rule 45(d)(2) of the Federal Rules of Civil Procedure.

     C.  ▮▮▮ objects to the Requests, including the Definitions and Instructions

contained therein, to the extent they seek production of privilege logs contemporaneously with

▮▮▮ responses to said Requests on the grounds that such production would be both premature

and unduly burdensome.  ▮▮▮ will produce its privilege logs at the end of its document

production.

     D.  ▮▮▮ objects to producing documents, things and information created on or after

January 4, 2013, the date on which Plaintiffs filed Case No. 1:13-cv-00052-RGA (D. Del.),

including any privilege logs.  Providing such information is unduly burdensome and seeks

information that is neither relevant to the claims or defenses of any party, nor reasonably

calculated to lead to the discovery of admissible evidence.

     E.  ▮▮▮ objects to the Requests, including the Definitions and Instructions

contained therein, to the extent they are vague, ambiguous, overly broad and/or unduly

burdensome.

     F.  ▮▮▮ objects to the Requests, including the Definitions and Instructions

contained therein, to the extent they seek the production of documents and things that are not

relevant to the claims or defenses of any party in the pending action and/or not reasonably

calculated to lead to admissible evidence.  The identification of any document or the supplying

of any information or production of any document does not constitute an admission that such

document or information is relevant to the pending action.

     G.  ▮▮▮ objects to the Requests, including the Definitions and Instructions

contained therein, to the extent that they seek the production of documents and things that are

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

unreasonably cumulative or duplicative.

H. ▮▮▮▮ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they purport to require the disclosure of information or the production of documents or things already in the possession of: Plaintiffs or Defendants Alvogen Pine Brook, Inc. and Alvogen Group, Inc. (collectively "Alvogen").

I. ▮▮▮▮ objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they seek to require the production of documents and things that may be obtained from another source that is more convenient, less burdensome or less expensive.

J. ▮▮▮▮ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek to require the production of documents and things available from public sources.

K. ▮▮▮▮ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek to require the production of documents and things that are not within ▮▮▮▮ possession, custody or control.

L. ▮▮▮▮ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek to require the production of documents or things that contain ▮▮▮▮ confidential information. Such documents and things will be produced pursuant to an appropriate protective order.

M. ▮▮▮▮ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek the production of documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ▮▮▮▮ and a third party, or the subject of non-disclosure agreements and/or

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

confidentiality agreements between ███ and a third party.

N. ███ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law.

O. ███ objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek information concerning "all" documents or things, or the like, on the basis that providing a response to such Requests would be unduly burdensome. When applicable and appropriate, summary documents and things or representative documents may be provided.

P. ███ objects to the date and time set for the production of the documents sought and states that it will produce documents at a mutually convenient date and time.

Q. ███ reserves all objections to the competency, relevancy, materiality or admissibility at trial or any other proceeding of any information or document identified in response to the Requests. The identification of any document or the supplying of any information or production of any document does not constitute an admission that such document or information is relevant to the pending litigation.

R. ███ specifically objects to Plaintiff's definition of ███ to the extent it is meant to refer to "each" of ███ "respective officers, directors, employees, partners, corporate parents, subsidiaries and affiliates" whose documents and things are not within ███ possession, custody or control.

S. ███ specifically objects to Instruction No. 2, which states that "[e]ach request shall be answered on the basis of your entire knowledge, from all sources" to the extent it

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

attempts to impose burdens different from that or that exceed the requirements of at least Rule 45 of the Federal Rules of Civil Procedure and/or the applicable Local Rules.

T.   ███████ specifically objects to Instruction No. 8, which states that "[i]f you are aware that a document or thing once existed but has been destroyed, you shall state" both when it was destroyed and under which conditions it was destroyed to the extent it attempts to impose burdens different from that or that exceed the requirements of at least Rule 45 of the Federal Rules of Civil Procedure and/or the applicable Local Rules.

U.   ███████ specifically objects to Instruction No. 9, which states that unless otherwise indicated, "these requests are not date or time limited" to the extent it attempts to impose burdens different from that or that exceed the requirements of at least Rule 45 of the Federal Rules of Civil Procedure and/or the applicable Local Rules.

V.   ███████ specifically objects to Instruction No. 11, which states that, if a request indicates that materials shall be delivered to Molecular Profiles, "the requested materials shall be supplied and packaged as indicated in the request and shipped to:  Molecular Profiles, Ltd." located in Nottingham, UK as unduly burdensome to the extent it seeks to require production of material(s) to be delivered to a location outside the jurisdiction of the District Court for the District of Delaware, namely Nottingham, UK.

## DEFINITIONS

1.   "Plaintiffs' First Set of Requests to Alvogen" shall refer to Plaintiffs' First Set of Requests to Alvogen for the Production of Documents and Things (Nos. 1-54) ("Plaintiffs' First Set of Requests to Alvogen"), served on Alvogen on March 4, 2013.

2.   "Plaintiffs' Second Set of Requests to Alvogen" shall refer to Plaintiffs' Second Set of Requests to Alvogen (Nos. 55-79), served on May 28, 2013.

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

3.    "Litigation" shall refer to Case Nos. 1:13-cv-00052-RGA and 1:13-cv-00370-RGA, consolidated on May 13. 2013.  (D.I. 22.)

\* \* \*

Without waiving the foregoing objections, but in express reliance thereon, ███ incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST NO. 1:

All documents and things concerning Alvogen's ANDA Products.

### RESPONSE:

In addition to and in express reliance on the General Objections set forth above, ███ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ███ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ███ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ███ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ███ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

privilege. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to

Alvogen, ███ objects to this Request. ███ objects to this Request to the extent it seeks

documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already

produced to Plaintiffs. ███ objects to this Request to the extent it seeks documents and things

already in the possession of Plaintiffs or that may be obtained from another source that is more

convenient, less burdensome or less expensive. ███ further objects to this Request to the

extent it seeks documents and things that are not within ███ possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request,

███ will produce, to the extent it understands the Request and to the extent such production is

non-duplicative of any production by Alvogen, responsive, non-privileged documents within its

possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 2:**

All documents and things concerning the (i) composition, (ii) raw materials used during

manufacture, or (iii) presence or absence of any antioxidant (including but not limited to

tocopherol, tocopherol acetate, ascorbyl palmitate, ascorbic acid, butylhydroxytoluene,

butylhydroxyanisole and/or propyl gallate) in or during the manufacture, storage and/or shipment

Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ███ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

objects to this Request as vague and ambiguous in its use of the phrases "composition," "presence or absence of antioxidant," and "in or during manufacture." ▉ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ▉ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ▉ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ▉ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ▉ further objects to this Request to the extent it is duplicative of at least Request No. 1 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ▉ objects to this Request. ▉ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ▉ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ▉ further objects to this Request to the extent it seeks documents and things that are not within ▉ possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request, ▉ will produce, to the extent it understands the Request and to the extent such production is non-duplicative of any production by Alvogen, responsive, non-privileged documents within its possession, custody or control and located after a reasonably diligent search.

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

## REQUEST NO. 3:

400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch

number ████████████████████████ as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

## RESPONSE:

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "400

patches." ████ further objects to this Request to the extent it seeks information ████████

████████████ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. ████ further objects to

this Request as vague and ambiguous in its use of the phrase ████████████ ████further

objects to this Request to the extent it seeks materials and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

████ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ████ further objects to this Request as unduly burdensome to the

extent it seeks delivery of the information "directly to Molecular Profiles." To the extent it is

duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ████objects to this

Request. ████ objects to this Request to the extent that the information it seeks may be

obtained from another source that is more convenient, less burdensome or less expensive, given

that Alvogen has already produced its ANDA to Plaintiffs.

████ objects to producing patches of Alvogen's 4.6 mg/24 hr ANDA Product to the

extent that Plaintiffs will not agree to reimburse ████for the cost of such samples. Subject to

and without waiving its Specific and General Objections to this Request, ████will produce, to

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

the extent it understands the Request and to the extent such production is non-duplicative of any

production by Alvogen, 100 patches of Alvogen's 4.6 mg/24 hr ANDA Product as described in

Alvogen's ANDA within its possession, custody or control and located after a reasonably

diligent search.

**REQUEST NO. 4:**

400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch

number ███████████████████ as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**



In addition to and in express reliance on the General Objections set forth above, ███

objects to this Request as overly broad and unduly burdensome to the extent it seeks "400

patches." ███ further objects to this Request to the extent it seeks information ███████

███████████ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. ███ further objects to

this Request as vague and ambiguous in its use of the phrase ██████████ ████ further

objects to this Request to the extent it seeks materials and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

███ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ███ further objects to this Request as unduly burdensome to the

extent it seeks delivery of the information "directly to Molecular Profiles." ███ further objects

to this Request to the extent it is duplicative of other Requests, including Request No. 3, seeking

patches of Alvogen's 4.6 mg/24 hr ANDA Product.  To this Request to the extent it is

duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███ objects to this

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

Request. ▉▉▉ objects to this Request to the extent that the information it seeks may be

obtained from another source that is more convenient, less burdensome or less expensive, given

that Alvogen has already produced its ANDA to Plaintiffs.

▉▉▉ objects to producing patches of Alvogen's 4.6 mg/24 hr ANDA Product to the

extent that Plaintiffs will not agree to reimburse ▉▉▉ for the cost of such samples. Subject to

and without waiving its Specific and General Objections to this Request, ▉▉▉ will produce, to

the extent it understands the Request and to the extent such production is non-duplicative of any

production by Alvogen, 100 patches of Alvogen's 4.6 mg/24 hr ANDA Product as described in

Alvogen's ANDA within its possession, custody or control and located after a reasonably

diligent search.

**REQUEST NO. 5:**

400 patches of Alvogen's 4.6 mg/24 hr ANDA Product from manufacturing batch

number ▉▉▉▉▉▉▉▉▉▉▉ as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ▉▉▉

objects to this Request as overly broad and unduly burdensome to the extent it seeks "400

patches." ▉▉▉ further objects to this Request to the extent it seeks information ▉▉▉▉▉

▉▉▉▉▉▉ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. ▉▉▉ further objects to

this Request as vague and ambiguous in its use of the phrase ▉▉▉▉▉▉ ▉▉ further

objects to this Request to the extent it seeks materials and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

████ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ████ further objects to this Request as unduly burdensome to the

extent it seeks delivery of the information "directly to Molecular Profiles." ████ further objects

to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4

seeking patches of Alvogen's 4.6 mg/24 hr ANDA Product. To the extent it is duplicative of

Requests in Plaintiffs' Second Set of Requests to Alvogen, ████ objects to this Request. ████

objects to this Request to the extent that the information it seeks may be obtained from another

source that is more convenient, less burdensome or less expensive, given that Alvogen has

already produced its ANDA to Plaintiffs.

████ objects to producing patches of Alvogen's 4.6 mg/24 hr ANDA Product to the

extent that Plaintiffs will not agree to reimburse Acino for the cost of such samples. Subject to

and without waiving its Specific and General Objections to this Request, ████ will produce, to

the extent it understands the Request and to the extent such production is non-duplicative of any

production by Alvogen, 100 patches of Alvogen's 4.6 mg/24 hr ANDA Product as described in

Alvogen's ANDA within its possession, custody or control and located after a reasonably

diligent search.

**REQUEST NO. 6:**

To the extent not covered by the above requests, 400 patches of Alvogen's 4.6 mg/24 hr

ANDA Product from the most recent ANDA manufacturing batch ████████

████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "400

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

patches." ▮ further objects to this Request to the extent it seeks information ▮

▮ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. ▮ further objects to

this Request as vague and ambiguous in its use of the phrase ▮ ▮ further

objects to this Request to the extent it seeks materials and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

▮ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ▮ further objects to this Request as unduly burdensome to the

extent it seeks delivery of the information "directly to Molecular Profiles." ▮ further objects

to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-5

seeking patches of Alvogen's 4.6 mg/24 hr ANDA Product.  To the extent it is duplicative of

Requests in Plaintiffs' Second Set of Requests to Alvogen, ▮ objects to this Request. ▮

objects to this Request to the extent that the information it seeks may be obtained from another

source that is more convenient, less burdensome or less expensive, given that Alvogen has

already produced its ANDA to Plaintiffs.

**REQUEST NO. 7:**

200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch

number ▮ as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ▮

objects to this Request as overly broad and unduly burdensome to the extent it seeks "200

patches." ▮ further objects to this Request to the extent it seeks information ▮

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

███████████ as neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ██████ further objects to this Request as vague and ambiguous in its use of the phrase ███████████ ███ further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ████ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ████ further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen ████ objects to this Request. ████ objects to this Request to the extent that the information it seeks may be obtained from another source that is more convenient, less burdensome or less expensive, given that Alvogen has already produced its ANDA to Plaintiffs.

████ objects to producing patches of Alvogen's 9.5 mg/24 hr ANDA Product to the extent that Plaintiffs will not agree to reimburse ████ for the cost of such samples. Subject to and without waiving its Specific and General Objections to this Request, ████ will produce, to the extent it understands the Request and to the extent such production is non-duplicative of any production by Alvogen, 100 patches of Alvogen's 9.5 mg/24 hr ANDA Product as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 8:**

200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ███████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

<u>**RESPONSE:**</u>

In addition to and in express reliance on the General Objections set forth above, ▇▇

objects to this Request as overly broad and unduly burdensome to the extent it seeks "200

patches." ▇▇ further objects to this Request to the extent it seeks information ▇▇

▇▇▇▇▇▇ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. ▇▇ further objects to

this Request as vague and ambiguous in its use of the phrase ▇▇▇▇▇▇ ▇▇ further

objects to this Request to the extent it seeks materials and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

▇▇ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ▇▇ further objects to this Request as unduly burdensome to the

extent it seeks delivery of the information "directly to Molecular Profiles." ▇▇ further objects

to this Request to the extent it is duplicative of other Requests, including Request No. 7, seeking

patches of Alvogen's 9.5 mg/24 hr ANDA Product. To the extent it is duplicative of Requests in

Plaintiffs' Second Set of Requests to Alvogen, ▇▇ objects to this Request. ▇▇ objects to

this Request to the extent that the information it seeks may be obtained from another source that

is more convenient, less burdensome or less expensive, given that Alvogen has already produced

its ANDA to Plaintiffs.

▇▇ objects to producing patches of Alvogen's 9.5 mg/24 hr ANDA Product to the

extent that Plaintiffs will not agree to reimburse ▇▇ for the cost of such samples. Subject to

and without waiving its Specific and General Objections to this Request, ▇▇ will produce, to

the extent it understands the Request and to the extent such production is non-duplicative of any

production by Alvogen, 100 patches of Alvogen's 9.5 mg/24 hr ANDA Product as described in



Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search.

## REQUEST NO. 9:

200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from manufacturing batch number ███████████████████████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

## RESPONSE:

In addition to and in express reliance on the General Objections set forth above, ████ objects to this Request as overly broad and unduly burdensome to the extent it seeks "200 patches." ████ further objects to this Request to the extent it seeks information "████████ ████████████ as neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further objects to this Request as vague and ambiguous in its use of the phrase ██████████████ ████ further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ████ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ████ further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." ████ further objects to this Request to the extent it is duplicative of other Requests, including Requests Nos. 7-8, seeking patches of Alvogen's 9.5 mg/24 hr ANDA Product. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ████ objects to this Request. ████ objects to this Request to the extent that the information it seeks may be obtained from another source that is more convenient, less burdensome or less expensive, given that Alvogen has

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

already produced its ANDA to Plaintiffs.

███████ objects to producing patches of Alvogen's 9.5 mg/24 hr ANDA Product to the extent that Plaintiffs will not agree to reimburse ████ for the cost of such samples. Subject to and without waiving its Specific and General Objections to this Request, ████ will produce, to the extent it understands the Request and to the extent such production is non-duplicative of any production by Alvogen, 100 patches of Alvogen's 9.5 mg/24 hr ANDA Product as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 10:**

To the extent not covered by the above requests, 200 patches of Alvogen's 9.5 mg/24 hr ANDA Product from the most recent ANDA manufacturing batch, ███████████████ ███████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████ objects to this Request as overly broad and unduly burdensome to the extent it seeks "200 patches." ████ further objects to this Request to the extent it seeks information ███████ ███████████ as neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further objects to this Request as vague and ambiguous in its use of the phrase █████████ ████ further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ████ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ████ further objects to this Request as unduly burdensome to the

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

extent it seeks delivery of the information "directly to Molecular Profiles." ███████ further objects

to this Request to the extent it is duplicative of other Requests, including Requests Nos. 7-9,

seeking patches of Alvogen's 9.5 mg/24 hr ANDA Product.  To the extent it is duplicative of

Requests in Plaintiffs' Second Set of Requests to Alvogen, ████ objects to this Request. ████

objects to this Request to the extent that the information it seeks may be obtained from another

source that is more convenient, less burdensome or less expensive, given that Alvogen has

already produced its ANDA to Plaintiffs.

**REQUEST NO. 11:**

200 patches of Alvogen's 13.3 mg/24 hr ANDA Product from manufacturing batch

number ██████████████████████████ as described in Alvogen's ANDA,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "200

patches." ████ further objects to this Request to the extent it seeks information ████████

████████████ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence.  ████ further objects to

this Request as vague and ambiguous in its use of the phrase ███████████████ further

objects to this Request to the extent it seeks materials and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

████ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ████ further objects to this Request as unduly burdensome to the

extent it seeks delivery of the information "directly to Molecular Profiles."  To the extent it is

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ██████ objects to this

Request. ██████ objects to this Request to the extent that the information it seeks may be

obtained from another source that is more convenient, less burdensome or less expensive, given

that Alvogen has already produced its ANDA to Plaintiffs.

██████ objects to producing patches of Alvogen's 13.3 mg/24 hr ANDA Product to the

extent that Plaintiffs will not agree to reimburse ██████ for the cost of such samples. Subject to

and without waiving its Specific and General Objections to this Request, ██████ will produce, to

the extent it understands the Request and to the extent such production is non-duplicative of any

production by Alvogen, 100 patches of Alvogen's 13.3 mg/24 hr ANDA Product as described in

Alvogen's ANDA within its possession, custody or control and located after a reasonably

diligent search.

**REQUEST NO. 12:**

To the extent not covered by the above requests, 200 patches of Alvogen's 13.3 mg/24 hr

ANDA Product from the most recent ANDA manufacturing batch, ████████████

████████ as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ██████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "200

patches." ██████ further objects to this Request to the extent it seeks information ████████

████████████ as neither relevant to the claims or defenses of any party in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. ██████ further objects to

this Request as vague and ambiguous in its use of the phrase ████████████ ████ further

objects to this Request to the extent it seeks materials and things that are the confidential and

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

proprietary information of a third party, the joint confidential and proprietary information of

███ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ███ further objects to this Request as unduly burdensome to the

extent it seeks delivery of the information "directly to Molecular Profiles." ███ further objects

to this Request to the extent it is duplicative of other Requests, including Request No. 11,

seeking patches of Alvogen's 13.3 mg/24 hr ANDA Product.  To the extent it is duplicative of

Requests in Plaintiffs' Second Set of Requests to Alvogen, ███ objects to this Request. ███

objects to this Request to the extent that the information it seeks may be obtained from another

source that is more convenient, less burdensome or less expensive, given that Alvogen has

already produced its ANDA to Plaintiffs.

**REQUEST NO. 13:**

All documents and things concerning the (i) composition, (ii) raw materials used during

manufacture, or (iii) presence or absence of any antioxidant (including but not limited to

tocopherol, tocopherol acetate, ascorbyl palmitate, ascorbic acid, butylhydroxytoluene,

butylhydroxyanisole and/or propyl gallate) in or during the manufacture, storage and/or shipment

of the excipients and/or other materials used in Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ███ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further

objects to this Request as vague and ambiguous in its use of the phrases "composition,"

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

"presence or absence of antioxidant," and "in or during manufacture." ▮▮▮ further objects to

this Request to the extent it seeks documents and things that are the confidential and proprietary

information of a third party, the joint confidential and proprietary information of ▮▮▮ and a

third party, or the subject of non-disclosure agreements and/or confidentiality agreements with

third parties. ▮▮▮ further objects to this Request to the extent it seeks production of personal

information in contravention to the EU Data Protection Directive 95/46/EC, the German Data

Protection Act, and/or any other applicable privacy law. ▮▮▮ further objects to this Request to

the extent that it seeks documents and things subject to the attorney-client privilege, the attorney

work-product doctrine and/or the common interest privilege. ▮▮▮ further objects to this

Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and

things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in

Plaintiffs' First Set of Requests to Alvogen, ▮▮▮ objects to this Request. To the extent it is

duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ▮▮▮ objects to this

Request. ▮▮▮ objects to this Request to the extent it seeks documents and things that are

disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ▮▮▮ objects

to this Request to the extent it seeks documents and things already in the possession of Plaintiffs

or that may be obtained from another source that is more convenient, less burdensome or less

expensive. ▮▮▮ further objects to this Request to the extent it seeks documents and things that

are not within Acino's possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request,

▮▮▮ will produce, to the extent it understands the Request and to the extent such production is

non-duplicative of any production by Alvogen, responsive, non-privileged documents within its

possession, custody or control and located after a reasonably diligent search.

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

**REQUEST NO. 14:**

All documents and things concerning ████████████████████████

████████████████████████████████████████████████████████████

████████ Alvogen's ANDA Products as described in Alvogen's ANDA.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request to the extent it seeks documents and things that are neither relevant to the

claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery

of admissible evidence. ████ further objects to this Request as vague and ambiguous in its use

of the phrase ████████████ further objects to this Request as overly broad and

unduly burdensome to the extent it seeks "all" documents and things without limitation. ████

further objects to this Request to the extent it seeks documents and things that are the

confidential and proprietary information of a third party, the joint confidential and proprietary

information of ████ and a third party, or the subject of non-disclosure agreements and/or

confidentiality agreements with third parties. ████ further objects to this Request to the extent

it seeks production of personal information in contravention to the EU Data Protection Directive

95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ████

further objects to this Request to the extent that it seeks documents and things subject to the

attorney-client privilege, the attorney work-product doctrine and/or the common interest

privilege. ████ further objects to this Request to the extent it is duplicative of at least Request

Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the

extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ████ objects

to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

to Alvogen, ███ objects to this Request. ███ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ███ further objects to this Request to the extent it seeks documents and things that are not within ███ possession, custody or control.

**REQUEST NO. 15:**

200 █████████████████████████████ ████████████████ Alvogen's ANDA Products as described in Alvogen's ANDA, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███ objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further objects to this Request as vague and ambiguous in its use of the phrase █████████ further objects to this Request as overly broad and unduly burdensome to the extent it seeks "200 █████████" ███ further objects to this Request to the extent it seeks materials and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ███ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ███ further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███ objects to this Request.

**REQUEST NO. 16:**

All documents and things concerning █████████████████████ used in

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

Alvogen's ANDA Products.

**RESPONSE:**

        In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ████ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further

objects to this Request to the extent it seeks documents and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

████ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ████ further objects to this Request to the extent it seeks

production of personal information in contravention to the EU Data Protection Directive

95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ████

further objects to this Request to the extent that it seeks documents and things subject to the

attorney-client privilege, the attorney work-product doctrine and/or the common interest

privilege. ████ further objects to this Request to the extent it is duplicative of at least Request

Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the

extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ████ objects

to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests

to Alvogen, ████ objects to this Request. ████ objects to this Request to the extent it seeks

documents and things already in the possession of Plaintiffs or that may be obtained from

another source that is more convenient, less burdensome or less expensive. ████ objects to this

Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA,

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

which Alvogen has already produced to Plaintiffs. █████ objects to this Request to the extent it

seeks documents and things that are available from public sources. █████ further objects to this

Request to the extent it seeks documents and things that are not within █████ possession,

custody or control.

**REQUEST NO. 17:**

     5 square meters ███████████████████████████████████

███████████████████████████████████████████████

██████████████ and packaged into a cardboard tube such as FedEx tube box 50" X 6"

X 6" or equivalent, delivered directly to Molecular Profiles.

**RESPONSE:**

     In addition to and in express reliance on the General Objections set forth above, █████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "5 square

meters." █████ further objects to this Request to the extent it seeks materials and things that are

neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to

lead to the discovery of admissible evidence. █████ further objects to this Request as unduly

burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles."

█████ further objects to this Request as duplicative of the other Requests to the extent it seeks

materials intended to be used to make the patches requested in Request Nos. 3-12.  To the extent

it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, █████ objects to

this Request. █████ objects to this Request to the extent it seeks materials and things that may

be obtained from another source that is more convenient, less burdensome or less expensive.

█████ objects to this Request to the extent it seeks information disclosed in Alvogen's ANDA,

which Alvogen has already produced to Plaintiffs. █████ objects to this Request to the extent it

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

seeks materials and things that may be available from public sources.

**REQUEST NO. 18:**

All documents and things concerning the ███████████████████ used in

Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ████ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further

objects to this Request to the extent it seeks documents and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

████ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ████ further objects to this Request to the extent it seeks

production of personal information in contravention to the EU Data Protection Directive

95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ████

further objects to this Request to the extent that it seeks documents and things subject to the

attorney-client privilege, the attorney work-product doctrine and/or the common interest

privilege. ████ further objects to this Request to the extent it is duplicative of at least Request

Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the

extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ████ objects

to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests

to Alvogen, ████ objects to this Request. ████ objects to this Request to the extent it seeks

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ▓▓▓▓ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ▓▓▓▓ objects to this Request to the extent it seeks documents and things that are available from public sources. ▓▓▓▓ further objects to this Request to the extent it seeks documents and things that are not within ▓▓▓▓ possession, custody or control.

**REQUEST NO. 19:**

5 square meters ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and packaged into a cardboard tube such as FedEx tube box 50" X 6" X 6" or equivalent, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ▓▓▓▓ objects to this Request as overly broad and unduly burdensome to the extent it seeks "5 square meters." ▓▓▓▓ further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ▓▓▓▓ further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." ▓▓▓▓ further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 3-12. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ▓▓▓▓ objects to this Request. ▓▓▓▓ objects to this Request to the extent it seeks materials and things that may

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

be obtained from another source that is more convenient, less burdensome or less expensive.

███ objects to this Request to the extent it seeks information disclosed in Alvogen's ANDA,

which Alvogen has already produced to Plaintiffs. ███ objects to this Request to the extent it

seeks materials and things that are available from public sources.

**REQUEST NO. 20:**

All documents and things concerning the ████████████████

████████████████████████████████

█████████████████

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ███ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further

objects to this Request as vague and ambiguous in its use of the document identifier

████████ to which ███ does not have access. ███ further objects to this

Request to the extent it seeks documents and things that are the confidential and proprietary

information of a third party, the joint confidential and proprietary information of ███ and a

third party, or the subject of non-disclosure agreements and/or confidentiality agreements with

third parties. ███ further objects to this Request to the extent it seeks production of personal

information in contravention to the EU Data Protection Directive 95/46/EC, the German Data

Protection Act, and/or any other applicable privacy law. ███ further objects to this Request to

the extent that it seeks documents and things subject to the attorney-client privilege, the attorney

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

work-product doctrine and/or the common interest privilege. ███ further objects to this Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ███ objects to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███ objects to this Request. ███ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ███ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ███ objects to this Request to the extent it seeks documents and things that are available from public sources. ███ further objects to this Request to the extent it seeks documents and things that are not within ███ possession, custody or control.

## REQUEST NO. 21:



5 square meters ███████████████████████ ███████████████████████ packaged into a cardboard tube such as FedEx tube box 50" X 6" X 6" or equivalent, and shipped separately from the release liner and laminate backing, delivered directly to Molecular Profiles.

## RESPONSE:

In addition to and in express reliance on the General Objections set forth above, ███ objects to this Request as overly broad and unduly burdensome to the extent it seeks "5 square meters." ███ further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

lead to the discovery of admissible evidence. ███ further objects to this Request as unduly

burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles."

███ further objects to this Request as duplicative of the other Requests to the extent it seeks

materials intended to be used to make the patches requested in Request Nos. 3-12.  To the extent

it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███ objects to

this Request. ███ objects to this Request to the extent it seeks materials and things already in

the possession of Plaintiffs or that may be obtained from another source that is more convenient,

less burdensome or less expensive. ███ objects to this Request to the extent it seeks

information disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs.

███ objects to this Request to the extent it seeks materials and things that are available from

public sources.

**REQUEST NO. 22:**

     All documents and things concerning the ███████████ used in

Alvogen's ANDA Products.

**RESPONSE:**

     In addition to and in express reliance on the General Objections set forth above, ███

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ███ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further

objects to this Request to the extent it seeks documents and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

███ and a third party, or the subject of non-disclosure agreements and/or confidentiality

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

agreements with third parties. ███ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ███ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ███ further objects to this Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ███ objects to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███ objects to this Request. ███ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ███ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ███ objects to this Request to the extent it seeks documents and things that are available from public sources. ███ further objects to this Request to the extent it seeks documents and things that are not within ███ possession, custody or control.

**REQUEST NO. 23:**

1 kg of ███████████████ used in Alvogen's ANDA Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

objects to this Request as overly broad and unduly burdensome to the extent it seeks "1 kg." ███████ further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███████ further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." ███████ further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 3-12.  To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███████ objects to this Request. ███████ objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. ███████ objects to this Request to the extent it seeks information disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ███████ objects to this Request to the extent it seeks materials and things that are available from public sources.

**REQUEST NO. 24:**

All documents and things concerning the ███████████████████ used in Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███████ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ███████ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███████ further objects to this Request to the extent it seeks documents and things that are the confidential and

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

proprietary information of a third party, the joint confidential and proprietary information of ███ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ███ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ███ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ███ further objects to this Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ███ objects to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███ objects to this Request. ███ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ███ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ███ further objects to this Request to the extent it seeks documents and things that are not within ███ possession, custody or control.

**REQUEST NO. 25:**

1 kg of the ███████████ used in Alvogen's ANDA Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

objects to this Request as overly broad and unduly burdensome to the extent it seeks "1 kg."

██████ further objects to this Request to the extent it seeks materials and things that are neither

relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to

the discovery of admissible evidence. ██████ further objects to this Request to the extent it seeks

materials and things that are the confidential and proprietary information of a third party, the

joint confidential and proprietary information of ██████ and a third party, or the subject of non-

disclosure agreements and/or confidentiality agreements with third parties. ██████ further objects

to this Request as unduly burdensome to the extent it seeks delivery of the information "directly

to Molecular Profiles." ██████ further objects to this Request as duplicative of the other Requests

to the extent it seeks materials intended to be used to make the patches requested in Request Nos.

3-12.  To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to

Alvogen, ██████ objects to this Request. ██████ objects to this Request to the extent it seeks

information disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs.

**REQUEST NO. 26:**

    All documents and things concerning ████████████████████ used in

Alvogen's ANDA Products.

**RESPONSE:**

    In addition to and in express reliance on the General Objections set forth above, ██████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ██████ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ██████ further

objects to this Request to the extent it seeks documents and things that are the confidential and

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

proprietary information of a third party, the joint confidential and proprietary information of

███ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ███ further objects to this Request to the extent it seeks

production of personal information in contravention to the EU Data Protection Directive

95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ███

further objects to this Request to the extent that it seeks documents and things subject to the

attorney-client privilege, the attorney work-product doctrine and/or the common interest

privilege. ███ further objects to this Request to the extent it is duplicative of at least Request

Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the

extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ███ objects

to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests

to Alvogen, ███ objects to this Request. ███ objects to this Request to the extent it seeks

documents and things already in the possession of Plaintiffs or that may be obtained from

another source that is more convenient, less burdensome or less expensive. ███ objects to this

Request to the extent it seeks things that are disclosed in Alvogen's ANDA, which Alvogen has

already produced to Plaintiffs. ███ further objects to this Request to the extent it seeks

documents and things that are not within ███ possession, custody or control.

**REQUEST NO. 27:**

    1 kg of the ███████████ used in Alvogen's ANDA Products, supplied

in a screw-top glass container and packaged suitably for shipping, delivered directly to

Molecular Profiles.

**RESPONSE:**

    In addition to and in express reliance on the General Objections set forth above, ███

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

objects to this Request as overly broad and unduly burdensome to the extent it seeks "1 kg."

████████further objects to this Request to the extent it seeks materials and things that are neither

relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to

the discovery of admissible evidence. ████████further objects to this Request to the extent it seeks

materials and things that are the confidential and proprietary information of a third party, the

joint confidential and proprietary information of ████████and a third party, or the subject of non-

disclosure agreements and/or confidentiality agreements with third parties. ████████further objects

to this Request as unduly burdensome to the extent it seeks delivery of the information "directly

to Molecular Profiles." ████████further objects to this Request as duplicative of the other Requests

to the extent it seeks materials intended to be used to make the patches requested in Request Nos.

3-12.  To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to

Alvogen,████████objects to this Request.████████objects to this Request to the extent it seeks

information disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs.

**REQUEST NO. 28:**

      1 kg of the ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████supplied in

a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular

Profiles.

**RESPONSE:**

      In addition to and in express reliance on the General Objections set forth above, ████████

objects to this Request to the extent it seeks materials and things that are neither relevant to the

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery

of admissible evidence. ███ further objects to this Request as overly broad and unduly

burdensome to the extent it seeks "1 kg." ███ further objects to this Request as vague and

ambiguous in its use of the document identifier █████████ to which ███ does not

have access. ███ further objects to this Request to the extent it seeks materials and things that

are the confidential and proprietary information of a third party, the joint confidential and

proprietary information of ███ and a third party, or the subject of non-disclosure agreements

and/or confidentiality agreements with third parties. ███ further objects to this Request as

unduly burdensome to the extent it seeks delivery of the information "directly to Molecular

Profiles." ███ further objects to this Request as duplicative of the other Requests to the extent

it seeks materials intended to be used to make the patches requested in Request Nos. 3-12.  To

the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███

objects to this Request. ███ objects to this Request to the extent it seeks information disclosed

in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs.

**REQUEST NO. 29:**

    All documents and things concerning █████████ used in Alvogen's

ANDA Products.

**RESPONSE:**

    In addition to and in express reliance on the General Objections set forth above, ███

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ███ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ▮ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ▮ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ▮ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ▮ further objects to this Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ▮ objects to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ▮ objects to this Request. ▮ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ▮ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ▮ objects to this Request to the extent it seeks documents and things that are available from public sources. ▮ further objects to this Request to the extent it seeks documents and things that are not within ▮ possession, custody or control.

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

**REQUEST NO. 30:**

500 g of ███████████████ used in Alvogen's ANDA Products, supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████ objects to this Request as overly broad and unduly burdensome to the extent it seeks "500 g." ████ further objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles." ████ further objects to this Request as duplicative of the other Requests to the extent it seeks materials intended to be used to make the patches requested in Request Nos. 3-12. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ████ objects to this Request. ████ objects to this Request to the extent it seeks materials and things that may be obtained from another source that is more convenient, less burdensome or less expensive. ████ objects to this Request to the extent it seeks information disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ████ objects to this Request to the extent it seeks materials and things that are available from public sources.

**REQUEST NO. 31:**

All documents and things concerning ██████████████████ used in Alvogen's ANDA Products.

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ▮▮▮▮ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ▮▮▮▮ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ▮▮▮▮ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ▮▮▮▮ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ▮▮▮▮ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ▮▮▮▮ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ▮▮▮▮ further objects to this Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ▮▮▮▮ objects to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ▮▮▮▮ objects to this Request. ▮▮▮▮ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ▮▮▮▮ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ▮▮▮▮ objects to this Request to the extent it

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

seeks documents and things that are available from public sources. ▆▆▆ further objects to this

Request to the extent it seeks documents and things that are not within ▆▆▆ possession,

custody or control.

**REQUEST NO. 32:**

    5 g of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ used in Alvogen's ANDA Products, supplied

in a screw-top glass container and packaged suitably for shipping, delivered directly to

Molecular Profiles.

**RESPONSE:**

    In addition to and in express reliance on the General Objections set forth above, ▆▆▆

objects to this Request as overly broad and unduly burdensome to the extent it seeks "5 g."

▆▆▆ further objects to this Request to the extent it seeks materials and things that are neither

relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to

the discovery of admissible evidence. ▆▆▆ further objects to this Request as unduly

burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles."

▆▆▆ further objects to this Request as duplicative of the other Requests to the extent it seeks

materials intended to be used to make the patches requested in Request Nos. 3-12. To the extent

it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ▆▆▆ objects to

this Request. ▆▆▆ objects to this Request to the extent it seeks materials and things that may

be obtained from another source that is more convenient, less burdensome or less expensive.

▆▆▆ objects to this Request to the extent it seeks information disclosed in Alvogen's ANDA,

which Alvogen has already produced to Plaintiffs. ▆▆▆ objects to this Request to the extent it

seeks materials and things that are available from public sources.

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

### REQUEST NO. 33:

All documents and things concerning the ███████ rivastigmine API used in

Alvogen's ANDA Products.

### RESPONSE:

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents and things without limitation. ████ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further

objects to this Request to the extent it seeks documents and things that are the confidential and

proprietary information of a third party, the joint confidential and proprietary information of

████ and a third party, or the subject of non-disclosure agreements and/or confidentiality

agreements with third parties. ████ further objects to this Request to the extent it seeks

production of personal information in contravention to the EU Data Protection Directive

95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ████

further objects to this Request to the extent that it seeks documents and things subject to the

attorney-client privilege, the attorney work-product doctrine and/or the common interest

privilege. ████ further objects to this Request to the extent it is duplicative of at least Request

Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the

extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ████ objects

to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests

to Alvogen, ████ objects to this Request. ████ objects to this Request to the extent it seeks

documents and things already in the possession of Plaintiffs or that may be obtained from

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

another source that is more convenient, less burdensome or less expensive. ███ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which the Plaintiffs have, and that are available from public source. ███ further objects to this Request to the extent it seeks documents and things that are not within ███ possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request, ███ will produce, to the extent it understands the Request and to the extent such production is non-duplicative of any production by Alvogen, responsive, non-privileged documents within its possession, custody or control and located after a reasonably diligent search ███ further objects to this Request, to the extent it seeks documents and things that are not within ███ possession, custody or control.

**REQUEST NO. 34:**

All documents and things concerning the (i) composition, (ii) raw materials used during manufacture, or (iii) presence or absence of any antioxidant (including but not limited to tocopherol, tocopherol acetate, ascorbyl palmitate, ascorbic acid, butylhydroxytoluene, butylhydroxyanisole and/or propyl gallate) in or during the manufacture, storage and/or shipment of rivastigmine as supplied by ███.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ███ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

objects to this Request as vague and ambiguous in its use of the phrases "composition," "presence or absence of antioxidant," and "in or during manufacture." ▮ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ▮ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ▮ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ▮ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ▮ further objects to this Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ▮ objects to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ▮ objects to this Request. ▮ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ▮ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ▮ further objects to this Request to the extent it seeks documents and things that are not within ▮ possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request, ▮ will produce, to the extent it understands the Request and to the extent such production is non-duplicative of any production by Alvogen, responsive, non-privileged documents related to

45

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

Alvogen's ANDA Products within its possession, custody or control and located after a reasonably diligent search.

**REQUEST NO. 35:**

    All documents and things concerning the stability and/or degradation of rivastigmine as supplied by ██████████ and the conditions under which such stability and/or degradation is assessed (including but not limited to temperature, humidity and the use of nitrogen or other measures to exclude or limit exposure to oxygen).

**RESPONSE:**

    In addition to and in express reliance on the General Objections set forth above, ████ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ████ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further objects to this Request as vague and ambiguous in its use of the phrases "stability and/.or degradation" and "assessed." ████ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ████ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ████ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ████ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ████ further objects to this Request to the extent it is

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning

Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of

Requests to Alvogen, ████ objects to this Request. To the extent it is duplicative of Requests in

Plaintiffs' Second Set of Requests to Alvogen, ████ objects to this Request. ████ objects to

this Request to the extent it seeks documents and things already in the possession of Plaintiffs or

that may be obtained from another source that is more convenient, less burdensome or less

expensive. ████ objects to this Request to the extent it seeks things that are disclosed in

Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ████ further objects to

this Request to the extent it seeks documents and things that are not within ████ possession,

custody or control.

Subject to and without waiving its Specific and General Objections to this Request,

████ will produce, to the extent it understands the Request and to the extent such production is

non-duplicative of any production by Alvogen, responsive, non-privileged documents related to

Alvogen's ANDA Products within its possession, custody or control and located after a

reasonably diligent search.

## REQUEST NO. 36:

20 g of the ████ rivastigmine API used in Alvogen's ANDA Products, supplied

in a screw-top glass container and packaged suitably for shipping, delivered directly to

Molecular Profiles.

## RESPONSE:

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "20 g."

████ further objects to this Request to the extent it seeks materials and things that are neither

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to

the discovery of admissible evidence. ▮▮▮ further objects to this Request as unduly

burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles."

▮▮▮ further objects to this Request as duplicative of the other Requests to the extent it seeks

materials intended to be used to make the patches requested in Request Nos. 3-12.  To the extent

it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ▮▮▮ objects to

this Request. ▮▮▮ objects to this Request to the extent it seeks materials and things that may

be obtained from another source that is more convenient, less burdensome or less expensive.

▮▮▮ objects to this Request to the extent it seeks information disclosed in Alvogen's ANDA,

which Alvogen has already produced to Plaintiffs. ▮▮▮ objects to this Request to the extent it

seeks materials and things that are available from public sources.

▮▮▮ objects to producing rivastigmine API used in Alvogen's ANDA Products to the

extent that Plaintiffs will not agree to reimburse ▮▮▮ for the cost of such samples.  Subject to

and without waiving its Specific and General Objections to this Request, ▮▮▮ will produce, to

the extent it understands the Request and to the extent such production is non-duplicative of any

production by Alvogen, 10 g of ▮▮▮▮▮ rivastigmine API within its possession, custody

or control and located after a reasonably diligent search.

**REQUEST NO. 37:**

All documents and things concerning the ▮▮▮▮▮▮▮ used in Alvogen's

ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ▮▮▮

objects to this Request to the extent it seeks documents and things that are neither relevant to the

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ███ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ███ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ███ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ███ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ███ further objects to this Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ███ objects to this Request. To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ███ objects to this Request. ███ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ███ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ███ objects to this Request to the extent it seeks documents and things that are available from public sources.

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

████ further objects to this Request to the extent it seeks documents and things that are not

within ████ possession, custody or control.

**REQUEST NO. 38:**

500 g of the ████████████ used in Alvogen's ANDA Products, ████

█████████████████████████████████

████████████████ supplied in a screw-top glass container and packaged suitably for

shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request to the extent it seeks materials and things that are neither relevant to the

claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery

of admissible evidence. ████ further objects to this Request as overly broad and unduly

burdensome to the extent it seeks "500 g." ████ further objects to this Request as vague and

ambiguous in its use of the document identifier ██████████████████████

to which ████ does not have access. ████ further objects to this Request as unduly

burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles."

████ further objects to this Request as duplicative of the other Requests to the extent it seeks

materials intended to be used to make the patches requested in Request Nos. 3-12.  To the extent

it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ████ objects to

this Request. ████ objects to this Request to the extent it seeks materials and things that may

be obtained from another source that is more convenient, less burdensome or less expensive.

████ objects to this Request to the extent it seeks information disclosed in Alvogen's ANDA,

which Alvogen has already produced to Plaintiffs. ████ objects to this Request to the extent it

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

seeks materials and things that may be available from public sources.

**REQUEST NO. 39:**

All documents and things concerning the ███████████████ used in Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███ objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ███ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ███ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ███ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ███ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ███ further objects to this Request to the extent it is duplicative of at least Request Nos. 1 and 2 seeking all documents and things concerning Alvogen's ANDA Products. To the extent it is duplicative of Requests in Plaintiffs' First Set of

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

Requests to Alvogen, ████ objects to this Request.  To the extent it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ████ objects to this Request.  ████ objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive.  ████ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs.  ████ objects to this Request to the extent it seeks documents and things that are available from public sources.  ████ further objects to this Request to the extent it seeks documents and things that are not within ████ possession, custody or control.

**REQUEST NO. 40:**

500 g of ███████████ used in Alvogen's ANDA Products ████ ███████████████████████ ███████████ supplied in a screw-top glass container and packaged suitably for shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████ objects to this Request to the extent it seeks materials and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  ████ further objects to this Request as overly broad and unduly burdensome to the extent it seeks "500 g." ████ further objects to this Request as vague and ambiguous in its use of the document identifier ███████████████████████ to which ████ does not have access.  ████ further objects to this Request as unduly burdensome to the extent it seeks delivery of the information "directly to Molecular Profiles."

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

████ further objects to this Request as duplicative of the other Requests to the extent it seeks

materials intended to be used to make the patches requested in Request Nos. 3-12.  To the extent

it is duplicative of Requests in Plaintiffs' Second Set of Requests to Alvogen, ████ objects to

this Request. ████ objects to this Request to the extent it seeks materials and things that may

be obtained from another source that is more convenient, less burdensome or less expensive.

████ objects to this Request to the extent it seeks information disclosed in Alvogen's ANDA,

which Alvogen has already produced to Plaintiffs.  ████ objects to this Request to the extent it

seeks materials and things that may be available from public sources.

**REQUEST NO. 41:**

500 ml of 

,supplied in a screw-top glass container and packaged suitably for

shipping, delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request to the extent it seeks materials and things that are neither relevant to the

claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery

of admissible evidence.  ████ further objects to this Request as overly broad and unduly

burdensome to the extent it seeks "500 ml." ████ further objects to this Request as vague and

ambiguous in its use of the document identifier ████████ to which ████ does not

have access.  ████ further objects to this Request as unduly burdensome to the extent it seeks

delivery of the information "directly to Molecular Profiles." ████ further objects to this

Request as duplicative of the other Requests to the extent it seeks materials intended to be used

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

to make the patches requested in Request Nos. 3-12.  To the extent it is duplicative of Requests

in Plaintiffs' Second Set of Requests to Alvogen, ▮▮▮▮ objects to this Request. ▮▮▮ objects to

this Request to the extent it seeks materials and things that may be obtained from another source

that is more convenient, less burdensome or less expensive. ▮▮▮▮ objects to this Request to the

extent it seeks information disclosed in Alvogen's ANDA, which Alvogen has already produced

to Plaintiffs. ▮▮▮ objects to this Request to the extent it seeks materials and things that are

available from public sources.

**REQUEST NO. 42:**

500 ml of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ supplied in a screw-top glass container and packaged suitably for shipping,

delivered directly to Molecular Profiles.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ▮▮▮

objects to this Request to the extent it seeks materials and things that are neither relevant to the

claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery

of admissible evidence. ▮▮▮ further objects to this Request as overly broad and unduly

burdensome to the extent it seeks "500 ml." ▮▮▮ further objects to this Request as vague and

ambiguous in its use of the document identifier ▮▮▮▮▮▮▮ to which ▮▮▮ does not

have access. ▮▮▮ further objects to this Request as unduly burdensome to the extent it seeks

delivery of the information "directly to Molecular Profiles." ▮▮▮ further objects to this

Request as duplicative of the other Requests to the extent it seeks materials intended to be used

to make the patches requested in Request Nos. 3-12.  To the extent it is duplicative of Requests

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

in Plaintiffs' Second Set of Requests to Alvogen, ▮▮▮ objects to this Request. ▮▮▮ objects to

this Request to the extent it seeks materials and things that may be obtained from another source

that is more convenient, less burdensome or less expensive. ▮▮▮ objects to this Request to the

extent it seeks information disclosed in Alvogen's ANDA, which Alvogen has already produced

to Plaintiffs. ▮▮▮ objects to this Request to the extent it seeks materials and things that are

available from public sources.

**REQUEST NO. 43:**

    All contracts and agreements with Alvogen concerning a rivastigmine transdermal system.

**RESPONSE:**

    In addition to and in express reliance on the General Objections set forth above, ▮▮▮ a

non-party, objects to this Request as seeking documents that should be produced by Alvogen, a

party to the Litigation. ▮▮▮ further objects to this Request as overly broad and unduly

burdensome to the extent it seeks "all" agreements without limitation. ▮▮▮ further objects to

this Request to the extent it seeks documents and things that are neither relevant to the claims or

defenses of any party in this action, nor reasonably calculated to lead to the discovery of

admissible evidence. To the extent it is duplicative of at least Request Nos. 47-48 in Plaintiffs'

First Set of Requests to Alvogen, ▮▮▮ objects to this Request. ▮▮▮ objects to this Request to

the extent it seeks documents and things already in the possession of Plaintiffs or that may be

obtained from another source that is more convenient, less burdensome or less expensive. ▮▮▮

objects to this Request to the extent it implies that ▮▮▮ has contracts and/or agreements

Alvogen.

**REQUEST NO. 44:**

    All communications with FDA concerning Alvogen's ANDA Products and/or the active

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

ingredient, excipients and/or materials used therein, including but not limited to rivastigmine,



used in

Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███ a

non-party, objects to this Request as seeking documents that should be produced by Alvogen, a

party to the Litigation. ███ further objects to this Request as unduly burdensome to the extent

it seeks "all" communications without limitation. ███ further objects to this Request to the

extent it seeks documents and things that are neither relevant to the claims or defenses of any

party in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

███ further objects to this Request as vague and ambiguous in its use of the phrase ███

███ To the extent it is duplicative of at least Request Nos. 3-4 in Plaintiffs' First Set of

Requests to Alvogen, ███ objects to this Request. ███ further objects to this Request to the

extent it seeks documents and things already in the possession of Plaintiffs or that may be

obtained from another source that is more convenient, less burdensome or less expensive. ███

objects to this Request to the extent it seeks documents and things that are disclosed in

Alvogen's ANDA, which the Plaintiffs have. ███ further objects to this Request to the extent

it seeks documents and things that are not within ███ possession, custody or control.

**REQUEST NO. 45:**

All communications with Alvogen concerning Alvogen's ANDA Products and/or the

active ingredient, excipients and/or materials used therein, including but not limited to

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

rivastigmine, 

████ used in Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████ a non-party, objects to this Request as seeking documents that should be produced by Alvogen, a party to the Litigation. ████ further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" communications without limitation. ████ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further objects to this Request as vague and ambiguous in its use of the phrase ████████ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ████ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ████ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ████ objects to this Request. ████ further objects to this Request to the extent it seeks documents and things that are not within ████ possession, custody or control.

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

**REQUEST NO. 46:**

All communications with each supplier of the active ingredient, excipients and/or

materials used in Alvogen's ANDA Products or in the manufacture of Alvogen's ANDA

Products, including but not limited to rivastigmine, ███████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

correspondence without limitation. ████ further objects to this Request to the extent it seeks

documents and things that are neither relevant to the claims or defenses of any party in this

action, nor reasonably calculated to lead to the discovery of admissible evidence. ████ further

objects to this Request as vague and ambiguous in its use of the phrase "pouching material."

████ further objects to this Request to the extent it seeks documents and things that are the

confidential and proprietary information of a third party, the joint confidential and proprietary

information of ████ and a third party, or the subject of non-disclosure agreements and/or

confidentiality agreements with third parties. ████ further objects to this Request to the extent

it seeks production of personal information in contravention to the EU Data Protection Directive

95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. To the

extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ████ objects

to this Request. ████ further objects to this Request to the extent it seeks documents and things

that are not within ████ possession, custody or control.

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

## REQUEST NO. 47:

All documents and things concerning whether the active ingredient, excipients and/or materials used in, or in the manufacture of, Alvogen's ANDA Products, including but not limited to rivastigmine,



, contain an antioxidant (including but not limited to tocopherol, tocopherol acetate, ascorbyl palmitate, ascorbic acid, butylhydroxytoluene, butylhydroxyanisole and/or propyl gallate).

## RESPONSE:

In addition to and in express reliance on the General Objections set forth above, ▮▮▮ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ▮▮▮further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ▮▮▮further objects to this Request as vague and ambiguous in its use of the phrase "pouching material." ▮▮▮further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ▮▮▮and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ▮▮▮further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ▮▮▮ further objects to this Request to the extent that it seeks documents and things subject to the

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

attorney-client privilege, the attorney work-product doctrine and/or the common interest

privilege.  To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to

Alvogen, █████ objects to this Request.  █████ further objects to this Request to the extent it

seeks documents and things already in the possession of Plaintiffs or that may be obtained from

another source that is more convenient, less burdensome or less expensive.  █████ further objects

to this Request to the extent it seeks documents and things that are not within █████

possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request,

█████ will produce, to the extent it understands the Request and to the extent such production is

non-duplicative of any production by Alvogen, responsive, non-privileged documents related to

Alvogen's ANDA Products within its possession, custody or control and located after a

reasonably diligent search.

**REQUEST NO. 48:**

All documents and things concerning the peroxide numbers of rivastigmine, █████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████ used in Alvogen's ANDA

Products (i.e., the amount of milliequivalents of active oxygen per kilogram of substance),

including but not limited to documents concerning any specifications, methods or tests used to

determine the peroxide numbers.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, █████

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

documents and things without limitation. ███ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ███ further objects to this Request as vague and ambiguous in its use of the phrase ██████████

███ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ███ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ███ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ███ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. ███ further objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ███ further objects to this Request to the extent it seeks documents and things that are not within ███ possession, custody or control.

**REQUEST NO. 49:**

All documents and things concerning the decision to file an ANDA for a rivastigmine transdermal system.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ███ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ███ further objects to this Request to the extent it

seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ▮▮▮▮ further objects to this Request as vague and ambiguous in its use of the phrase "the decision" to file ANDA for a rivastigmine transdermal system. ▮▮▮▮ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ▮▮▮▮ objects to this Request. ▮▮▮▮ further objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ▮▮▮▮ further objects to this Request to the extent it seeks documents and things that are not within ▮▮▮▮ possession, custody or control.

**REQUEST NO. 50:**

All documents and things concerning the research and development of a rivastigmine transdermal system, including but not limited to the research and development of Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ▮▮▮▮ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ▮▮▮▮ further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents and things "not limited to the research and development of Alvogen's ANDA Products." ▮▮▮▮ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

██████ further objects to this Request as vague and ambiguous in its use of the phrase "research and development." ████████ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ██████ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ████████ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ██████ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ██████ objects to this Request. ██████ objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ██████ further objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ████████ further objects to this Request to the extent it seeks documents and things that are not within ████████ possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request, ██████ will produce documents related to the research and development of Alvogen's ANDA Products, to the extent it understands the Request and to the extent such production is non-duplicative of any production by Alvogen, responsive, non-privileged documents within its possession, custody or control and located after a reasonably diligent search.

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

**REQUEST NO. 51:**

All documents and things concerning the research and development of methods and/or processes to stabilize rivastigmine in a rivastigmine transdermal system, including but not limited to in Alvogen's ANDA Products.

**RESPONSE:**

In addition to and in express reliance on the General Objections set forth above, ▉▉▉ objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents and things without limitation. ▉▉▉ further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents and things "not limited to the research and development of Alvogen's ANDA Products." ▉▉▉ further objects to this Request to the extent it seeks documents and things that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ▉▉▉ further objects to this Request as vague and ambiguous in its use of the phrases "research and development," "methods and/or processes" and "stabilize." ▉▉▉ further objects to this Request to the extent it seeks documents and things that are the confidential and proprietary information of a third party, the joint confidential and proprietary information of ▉▉▉ and a third party, or the subject of non-disclosure agreements and/or confidentiality agreements with third parties. ▉▉▉ further objects to this Request to the extent it seeks production of personal information in contravention to the EU Data Protection Directive 95/46/EC, the German Data Protection Act, and/or any other applicable privacy law. ▉▉▉ further objects to this Request to the extent that it seeks documents and things subject to the attorney-client privilege, the attorney work-product doctrine and/or the common interest privilege. To the extent it is duplicative of Requests in Plaintiffs' First Set of Requests to Alvogen, ▉▉▉ objects to this Request. ▉▉▉

HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2

objects to this Request to the extent it seeks documents and things that are disclosed in Alvogen's ANDA, which Alvogen has already produced to Plaintiffs. ▮ further objects to this Request to the extent it seeks documents and things already in the possession of Plaintiffs or that may be obtained from another source that is more convenient, less burdensome or less expensive. ▮ further objects to this Request to the extent it seeks documents and things that are not within ▮ possession, custody or control.

Subject to and without waiving its Specific and General Objections to this Request, ▮ will produce documents related to the research and development of Alvogen's ANDA Products, to the extent it understands the Request and to the extent such production is non-duplicative of any production by Alvogen, responsive, non-privileged documents within its possession, custody or control and located after a reasonably diligent search.

PROCTOR HEYMAN LLP

/s/ Dominick T. Gattuso
Dominick T. Gattuso (# 3630)
E-mail: dgattuso@proctorheyman.com
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300

*Attorney for Defendants Alvogen Pine Brook, Inc. and Alvogen Group, Inc.*

OF COUNSEL:
AXINN, VELTROP & HARKRIDER LLP
Chad A. Landmon
E-mail: cal@avhlaw.com
90 State House Square, 9th Floor

**HIGHLY CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY – Subject to Local Rule 26.2**

Hartford, CT 06103-3704
(860) 275-8100

AXINN, VELTROP & HARKRIDER LLP
Josephine Liu
E-mail: jl@avhlaw.com
Saira B. Haider
E-mail: sbh@avhlaw.com
114 West 47th Street
New York, NY 10036
(212) 728-2200

Dated: June 28, 2013

Exhibit 5

PUBLIC VERSION

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

CHRISTOPHER E. LOH
cloh@fchs.com
(212) 218-2206

www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

July 2, 2013

**VIA EMAIL**

Josephine Liu, Ph.D., J.D.
Axinn Veltrop Harkrider LLP
114 West 47th Street
New York, NY 10036

Re:     *Novartis v. Alvogen*, No. 13-cv-52-RGA (D. Del.) (consolidated)

Dear Josephine,

This concerns Alvogen's June 27, 2013 objections and responses to Plaintiffs' May 28, 2013 second set of requests for the production of documents and things (nos. 55-79) and ▮▮▮▮▮ June 28, 2013 objections and responses to Plaintiffs' May 28, 2013 subpoena *duces tecum*.

## I.  Alvogen's objections and responses to Plaintiffs' second set of requests for production

Alvogen has responded to Plaintiffs' requests nos. 55-57 by indicating that it will produce "100 patches of Alvogen's 4.6 mg/24 hr ANDA product as described in Alvogen's ANDA as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search." For those 100 patches, please let us know by July 9, 2013: (i) whether Alvogen has them within its possession, custody or control; (ii) the batch number(s) and date(s) of manufacture for the patches; and (iii) when Alvogen will produce them.

Alvogen has responded to Plaintiffs' requests nos. 59-61 by indicating that it will produce "100 patches of Alvogen's 9.5 mg/24 hr ANDA product as described in Alvogen's ANDA as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search." For those 100 patches, please let us know by July 9, 2013: (i) whether Alvogen has them within its possession, custody or control; (ii) the batch number(s) and date(s) of manufacture for the patches; and (iii) when Alvogen will produce them.

Alvogen has responded to Plaintiffs' request no. 63 by indicating that it will produce "100 patches of Alvogen's 13.3 mg/24 hr ANDA product as described in Alvogen's ANDA as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search." For those 100 patches, please let us know by July 9, 2013: (i) whether Alvogen has them within its possession, custody or control; (ii) the batch number(s) and date(s) of manufacture for the patches; and (iii) when Alvogen will produce them.

Plaintiffs' requests nos. 58, 62 and 64 seek patches from the most recent ANDA manufacturing batches of, respectively, Alvogen's 4.6 mg/24 hr ANDA Product, Alvogen's 9.5 mg/24 hr

Josephine Liu, Ph.D., J.D.
Page 2 of 4
July 2, 2013

ANDA Product, and Alvogen's 13.3 mg/24 hr ANDA Product. For those patches, please let us know by July 9, 2013: (i) whether more recently manufactured batches exist, beyond those set forth in Alvogen's ANDA; (ii) the batch number(s) and date(s) of manufacture for those batches; and (iii) whether Alvogen has any patches from such more recently manufactured batches within its possession, custody or control.

Alvogen has failed to indicate whether it will produce any material in response to Plaintiffs' requests nos. 65-79, objecting in part on the grounds that those requests seek documents and things "that are not within Alvogen's possession, custody or control," "that are available from public sources" and/or "that may be obtained from another source that is more convenient, less burdensome, or less expensive." For those requests, please let us know by July 9, 2013: (i) which, if any, of the requested materials are not in Alvogen's possession, custody or control; and (ii) the name(s) and address(es) of the public source(s) and/or other source(s) from which the requested materials may be obtained.

Alvogen has objected to Plaintiffs' requests to the extent that they request third-party confidential information. Insofar as the third party in question is ███████ we remind counsel of its representation during the March 6, 2013 Rule 16 conference that ██████ would be amenable to providing discovery as if a party to this suit.

Alvogen has objected to Plaintiffs' use of the term ██████████████ as vague and ambigious. ████████████████████████████████████ for Alvogen's ANDA Products. Please withdraw that objection.

Alvogen has objected to Plaintiffs' instruction that the requested materials be sent directly to Molecular Profiles as unduly burdensome. Plaintiffs disagree. Having the materials sent to Molecular Profiles will not impose any undue burden or expense, and will simplify potential chain-of-custody issues for both Plaintiffs and Alvogen. Please withdraw that objection and confirm that you will send the requested materials directly to Molecular Profiles.

**II.   ██████ objections and responses to Plaintiffs' subpoena *duces tecum***

██████ has objected generally to the production of documents, things and material created on or after January 4, 2013 as unduly burdensome and irrelevant. Plaintiffs disagree. To the extent that Alvogen and/or ██████ supplement the ANDA or modify the ANDA Products at issue in this suit, documents, things and materials concerning such supplementation or modification will be relevant. Please confirm that ██████ will produce such documents, things and materials created on or after January 4, 2013.

██████ has objected to Plaintiffs' requests to the extent they are "duplicative" of either Plaintiffs' First Set of Requests to Alvogen or Plaintiffs' Second Set of Requests to Alvogen. Plaintiffs' requests were made to Alvogen and ██████ to ensure the production by either party of relevant

Josephine Liu, Ph.D., J.D.
Page 3 of 4
July 2, 2013



documents and things.  Please confirm that ▮▮▮ will not withhold any production based on the fact that Plaintiffs made similar requests to Alvogen.

▮▮▮ has responded to Plaintiffs' requests nos. 3-5 by indicating that it will produce "100 patches of Alvogen's 4.6 mg/24 hr ANDA product as described in Alvogen's ANDA as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search."  For those 100 patches, please let us know by July 9, 2013: (i) whether ▮▮▮ has them within its possession, custody or control; (ii) the batch number(s) and date(s) of manufacture for the patches; and (iii) when ▮▮▮ will produce them.

▮▮▮ has responded to Plaintiffs' requests nos. 7-9 by indicating that it will produce "100 patches of Alvogen's 9.5 mg/24 hr ANDA product as described in Alvogen's ANDA as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search."  For those 100 patches, please let us know by July 9, 2013: (i) whether ▮▮▮ has them within its possession, custody or control; (ii) the batch number(s) and date(s) of manufacture for the patches; and (iii) when ▮▮▮ will produce them.

▮▮▮ has responded to Plaintiffs' request no. 11 by indicating that it will produce "100 patches of Alvogen's 13.3 mg/24 hr ANDA product as described in Alvogen's ANDA as described in Alvogen's ANDA within its possession, custody or control and located after a reasonably diligent search."  For those 100 patches, please let us know by July 9, 2013: (i) whether ▮▮▮ has them within its possession, custody or control; (ii) the batch number(s) and date(s) of manufacture for the patches; and (iii) when ▮▮▮ will produce them.

Plaintiffs' requests nos. 6, 10 and 12 seek patches from the most recent ANDA manufacturing batches of, respectively, Alvogen's 4.6 mg/24 hr ANDA Product, Alvogen's 9.5 mg/24 hr ANDA Product, and Alvogen's 13.3 mg/24 hr ANDA Product.  For those patches, please let us know by July 9, 2013: (i) whether more recently manufactured batches exist, beyond those set forth in Alvogen's ANDA; (ii) the batch number(s) and date(s) of manufacture for those batches; and (iii) whether ▮▮▮ has any patches from such more recently manufactured batches within its possession, custody or control.

▮▮▮ has failed to indicate whether it will produce any material in response to Plaintiffs' requests nos. 14-32 and 37-46 and 48-49, objecting in part on the grounds that those requests seek documents and things "that are not within ▮▮▮ possession, custody or control," "that are available from public sources" and/or "that may be obtained from another source that is more convenient, less burdensome, or less expensive."  For those requests, please let us know by July 9, 2013: (i) which, if any, of the requested materials are not in ▮▮▮ possession, custody or control; and (ii) the name(s) and address(es) of the public source(s) and/or other source(s) from which the requested materials may be obtained.

▮▮▮ has objected to Plaintiffs' requests to the extent that they request third-party confidential information. ▮▮▮ has further objected to requests 43-45 as "seeking documents that should be produced by Alvogen" because ▮▮▮ is a "non-party."  Insofar as (i) the third party being in

Josephine Liu, Ph.D., J.D.
Page 4 of 4
July 2, 2013

question is ▮▮▮ and/or Alvogen or (ii) ▮▮▮ objects as being a non-party, we remind counsel
of its representation during the March 6, 2013 Rule 16 conference that ▮▮▮ would be amenable
to providing discovery as if a party to this suit.

▮▮▮ has objected to Plaintiffs' use of the term ▮▮▮▮▮▮▮ as vague and ambigious.
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Please withdraw
that objection.

▮▮▮ has objected to Plaintiffs' instruction that the requested materials be sent directly to
Molecular Profiles as unduly burdensome. Plaintiffs disagree. Having the materials sent to
Molecular Profiles will not impose any undue burden or expense, and will simplify potential
chain-of-custody issues for both Plaintiffs and ▮▮▮ Please withdraw that objection and
confirm that you will send the requested materials directly to Molecular Profiles.

▮▮▮ has objected to Plaintiffs' requests nos. 16, 18, 20, 22, 24, 26, 29, 31, 37, 39, 46 and 48 as
seeking "documents and things that are neither relevant to the claims or defenses of any party in
this action, nor reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs
disagree. Those requests concern components used to make Alvogen's ANDA Products and are
relevant to this litigation. Please withdraw that objection and confirm that ▮▮▮ will produce
the requested documents and things.

Plaintiffs' requests nos. 35 and 51 concern information pertaining to the stability of rivastigmine.
In response to those requests, ▮▮▮ has indicated that it will produce documents related to
Alvogen's ANDA Products. Those requests, however, are not limited to Alvogen's finished
ANDA Products and include information relating to the drug substance and to any prototype
rivastigmine transdermal devices. Please confirm that ▮▮▮ will not limit its production to the
finalized Alvogen ANDA Product and will produce the requested documents and things.

Last, Plaintiffs confirm that they will reimburse ▮▮▮ for the costs of the requested samples.

Very truly yours,

Christopher E. Loh

cc:    Dominick Gattuso, Esq. (*via email*)
       Daniel Silver, Esq. (*via email*)

Exhibit 6

PUBLIC VERSION

AXINN | VELTROP | HARKRIDER | LLP

AXINN, VELTROP & HARKRIDER LLP
114 WEST 47TH STREET  NEW YORK, NY 10036
TEL: 212.728.2200  FAX: 212.728.2201

950 F STREET, N.W. WASHINGTON, DC 20004
TEL  202.912.4700  FAX  202.912.4701

90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702
TEL  860.275.8100  FAX  860.275.8101

www.avhlaw.com

JOSEPHINE LIU
(212) 261-5648
JL@AVHLAW.COM

July 9, 2013

CONFIDENTIAL

VIA ELECTRONIC MAIL

Christopher Loh
Fitzpatrick, Cella, Harper & Scinto
1209 Avenue of the Americas
New York, NY 10104-3800

>     Re:   Novartis Pharms. Corp. et al. v. Alvogen Pine Brook, Inc. et al.,
>            <u>Case No. 1:13-cv-00052-RGA (D. Del.)</u>

Dear Chris:

  We write in response to your letter of July 2, 2013 regarding Alvogen's June 28, 2013 Objections and Responses to Plaintiffs' Second Set of Requests for the Production of Documents and Things (Nos. 55-79), dated June 28, 2013.

**I.      Patches of Alvogen's ANDA Product** (Request Nos. 55-64)

  As Plaintiffs acknowledged, Alvogen indicated that it would produce 100 patches of Alvogen's 4.6 mg/24 hr, 9.5 mg/24 hr and 13.3 mg/24 hr ANDA Products, as described in Alvogen's ANDA, within Alvogen's possession, custody or control.  Alvogen's ANDA Products were provided to a contract research organization responsible for Alvogen's biostudies.  This research organization, however, has filed for bankruptcy since the filing of the Complaint in this action.  Alvogen is in the process of determining the impact of the bankruptcy to Alvogen's ability to access its ANDA Products.

**II.     Components of Alvogen's ANDA Product** (Request Nos. 66-79)

  As indicated in Alvogen's ANDA, Alvogen's ANDA Products are not manufactured by Alvogen.  As such, Alvogen does not keep any such materials on site.  It is Alvogen's

<u>CONFIDENTIAL</u>

July 9, 2013
Page 2

understanding that Plaintiffs have already requested the same components from Alvogen's manufacturing partner, ███████  To the extent Plaintiffs are requesting that Alvogen purchase such materials from commercial suppliers identified in its ANDA to produce to Plaintiffs, Plaintiffs can easily purchase such materials in the quantities requested from the same commercial suppliers.

**III.    Third-Party Confidential Information**

With respect to ██████ confidential information, Alvogen is not at liberty to produce such information without an appropriate protective order in place.  Alvogen is open for further discussion once an appropriate protective order has been negotiated with ██████

**IV.    Definition of "████████████"**

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**V.    Shipment Outside the Jurisdiction**

Plaintiffs chose to bring suit in the District of Delaware.  Yet Plaintiffs request shipment of excessive quantities of samples not only outside of the jurisdiction in which it brought suit, but outside the country.  Furthermore, the shipment of chemicals will require more than packaging and affixing the appropriate amount of postage.  Please provide the basis for Plaintiffs' assertion that such a request is proper and not unduly burdensome.

Sincerely,

Josephine Liu, Ph.D., J.D.

cc:    Filko Prugo
       Nicholas Kallas
       Daniel M. Silver
       Dominick Gattuso

Exhibit 7

PUBLIC VERSION

AXINN | VELTROP | HARKRIDER | LLP

JOSEPHINE LIU
(212) 261-5648
JL@AVHLAW.COM

AXINN, VELTROP & HARKRIDER LLP
114 WEST 47TH STREET  NEW YORK, NY 10036
TEL: 212.728.2200  FAX: 212.728.2201

930 F STREET, NW  WASHINGTON, DC 20004
TEL: 202.912.4700  FAX: 202.912.4701

90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702
TEL: 860.275.8100  FAX: 860.275.8101

www.avhlaw.com

July 9, 2013

<u>VIA ELECTRONIC MAIL</u>

Christopher Loh
Fitzpatrick, Cella, Harper & Scinto
1209 Avenue of the Americas
New York, NY 10104-3800

  Re: Novartis Pharms. Corp. et al. v. Alvogen Pine Brook, Inc. et al.,
    <u>Case No. 1:13-cv-00052-RGA (D. Del.)</u>

Dear Chris:

  We are in receipt of your July 2, 2013 letter. ███ objects to Plaintiffs' characterization that ███ agreed to provide discovery as if it were a party to the above-mentioned suit. It is clear from the transcript and the letter submitted to the Court that ███ only representation was that: (1) Axinn, Veltrop and Harkrider, LLP would accept service of a proper subpoena on behalf of ███ ; and (2) Plaintiffs would not have to go through the Hague Convention in order to obtain discovery. (<u>See</u> C.A. No. 13-52-RGA, D.I. 25, 5:20-6:17, 12:19-13:1-14; <u>see also</u> C.A. No. 13-370-RGA, D.I. 21 at 1-2.) Please refrain from such mischaracterizations in the future.

  We are in the process of conferring with ███ in order to respond to the issues identified in your letter of July 2, 2013 regarding ███ June 28, 2013 Objections and Responses to Plaintiffs' Subpoena to Produce Documents, Information of Objects (1-51), dated June 28, 2013.

July 9, 2013
Page 2

In the meantime, we will forward a draft proposed protective order in order to facilitate
discussions regarding proper protection for ███████ confidential information.

Sincerely,

Josephine Liu, Ph.D., J.D.

cc:    Filko Prugo
       Nicholas Kallas
       Daniel M. Silver
       Dominick Gattuso

Exhibit 8

PUBLIC VERSION

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

**CHRISTOPHER E. LOH**
cloh@fchs.com
(212) 218-2205

www.fitzpatrickcella.com

**NEW YORK**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

July 19, 2013

**VIA EMAIL**                                                           **CONFIDENTIAL**

Josephine Liu, Ph.D., J.D.
Axinn Veltrop Harkrider LLP
114 West 47th Street
New York, NY 10036

Re:   *Novartis v. Alvogen*, No. 13-cv-52-RGA (D. Del.) (consolidated)

Dear Josephine,

Further to your July 12 conversation with my colleague Filko Prugo, please let us know the details of the "bankruptcy" that you mentioned to Mr. Prugo, and how that bankruptcy will affect the production of samples (including of the final product and, separately, each component thereof) that Plaintiffs have requested from Alvogen and ████████.

In particular, please provide the following information by July 26: (i) the names and contact addresses for the business entity or entities that are bankrupt, (ii) the current status of the bankruptcy proceedings; (iii) how the bankruptcy proceedings will affect the production of samples in terms of timing and/or quantity; and (iv) to the extent that the cost of the requested samples may become an issue, the amount that Plaintiffs may be required to pay for such samples. Thank you.

Very truly yours,

Christopher E. Loh

cc:   Dominick Gattuso, Esq. (*via email*)
      Daniel Silver, Esq. (*via email*)

Exhibit 9

PUBLIC VERSION

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

CHRISTOPHER E. LOH
cloh@fchs.com
(212) 218-2206

www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

August 3, 2013

**VIA EMAIL**                                                        **CONFIDENTIAL**

Josephine Liu, Ph.D., J.D.
Axinn Veltrop Harkrider LLP
114 West 47th Street
New York, NY 10036

Re:   *Novartis v. Alvogen*, No. 13-cv-52-RGA (D. Del.) (consolidated)

Dear Josephine,

This responds to your letters of July 9, 2013 and follows up on my letter of July 19, 2013.

As to Plaintiffs' requests for patches of Alvogen's ANDA product (requests nos. 55-64), please let us know how the alleged bankruptcy of the contract research organization responsible for Alvogen's biostudies will affect Alvogen's production of the requested samples. In particular— and as already requested in my letter of July 19, 2013—please provide the following information no later than Wednesday, August 7, 2013: (i) the names and contact addresses for the business entity or entities that are bankrupt, (ii) the current status of the bankruptcy proceedings; (iii) how the bankruptcy proceedings will affect the production of samples in terms of timing and/or quantity; and (iv) to the extent that the cost of the requested samples may become an issue, the amount that Plaintiffs may be required to pay for such samples.

As to Plaintiffs' requests for the components of Alvogen's ANDA product (requests nos. 66-79), please let us know no later than Wednesday, August 7, 2013: (i) whether ███ will produce the requested components in the requested quantities; (ii) if not, what quantities of each requested component it will produce; and (iii) when ███ will be able to produce those components.

To the extent that Plaintiffs' requests may call for the disclosure of ███ confidential information, we note that paragraph 19 of the stipulated protective order in this case (D.I. 28) requires Alvogen to give written notice of those requests to ███ with a copy of that protective order, and to advise Plaintiffs that such notice has been given. We also note that paragraph 19 provides that a nonparty such as ███ may invoke the terms of the protective order simply by advising the parties of that fact in writing. In that regard, please let us know whether ███ has been provided such notice, and whether ███ will invoke the terms of the protective order.

███████████████████████████████████████████████████████████████

Josephine Liu, Ph.D., J.D.
Page 2 of 2
August 3, 2013

Last, Plaintiffs' request that samples be sent directly to Plaintiffs' expert clearly is reasonable and not unduly burdensome.  Having the samples sent directly to Plaintiffs' expert will avoid authentication and chain-of-custody challenges, and will shorten the time the samples may be exposed to adverse conditions while in transit.  Moreover, to the extent that the samples must come from ████ rather than Alvogen, the shipping costs between ██████████ and Plaintiffs' expert in the U.K. will likely be less than those between ████ and our firm in the U.S.  In that regard, please explain why Alvogen considers our request that samples be sent directly to Plaintiffs' expert to be unreasonable or unduly burdensome.

Very truly yours,

Christopher E. Loh

cc:     Dominick Gattuso, Esq. (*via email*)
        Daniel Silver, Esq. (*via email*)

# Exhibit 10

AXINN | VELTROP | HARKRIDER | LLP

JOSEPHINE LIU
(212) 261-5648
JL@AVHLAW.COM

AXINN, VELTROP & HARKRIDER LLP
114 WEST 47TH STREET, NEW YORK, NY 10036
TEL: 212.728.2200 FAX: 212.728.2201

950 F STREET, N.W. WASHINGTON, DC 20004
TEL: 202.912.4700 FAX: 202.912.4701

90 STATE HOUSE SQUARE HARTFORD, CT 06103-3702
TEL: 860.275.8100 FAX: 860.275.8101

www.avhlaw.com

August 9, 2013

<u>HIGHLY CONFIDENTIAL</u>

VIA ELECTRONIC MAIL

Christopher Loh
Fitzpatrick, Cella, Harper & Scinto
1209 Avenue of the Americas
New York, NY 10104-3800

> Re:   Novartis Pharms. Corp. et al. v. Alvogen Pine Brook, Inc. et al.,
>       <u>Case No. 1:13-cv-00052-RGA (D. Del.)</u>

Dear Chris:

     We write as a follow-up to our July 9, 2013 letter to you and in response to your letters of July 2, 2013 and August 3, 2013 regarding ███ Objections and Responses to Plaintiffs' Subpoena to Produce Documents, Information of Objects (Nos. 1-51), dated June 28, 2013 (███ Response to Plaintiffs' Subpoena"). Please note that Acino has been informed of the Stipulated Protective Order (D.I. 28) in the above-referenced case. ███ will not be invoking the provisions of that Protective Order. ███ will forward a proposed protective order that appropriately protects its confidential information.

## I.   <u>Documents, Things and Materials Created On or After January 4, 2013</u>

     Plaintiffs argue that to the extent that "Alvogen and/or ███ supplement the ANDA or modify the ANDA Products" at issue in the above-captioned suit documents, things and materials created on or after January 4, 2013 will be relevant. ███ objects to Plaintiffs request as vague and ambiguous in its use of the term "modify." As Plaintiffs are aware, ███ did not file the ANDA for Alvogen's ANDA Products. Nor has ███ had any communications with FDA concerning Alvogen's ANDA Products. To the extent technical information supporting any amendment or supplement to the ANDA were created on or after January 4, 2013 by ███, ███ will produce responsive, non-privileged documents within its possession, custody or

**HIGHLY CONFIDENTIAL**
August 9, 2013
Page 2

control located after a reasonably diligent search if such production is non-duplicative of any production by Alvogen. ███ takes no position with respect to Plaintiffs' request to Alvogen.

## II.   Documents, Things and Materials Duplicative to Alvogen's Production

███ reminds Plaintiffs of their obligation to avoid imposing undue burden or expense on a third party under Rule 45(c)(1) of the Federal Rules of Civil Procedure.  To the extent Plaintiffs' request(s) attempts to impose a burden on ███ to produce documents, things and materials that are in Alvogen's possession, custody or control, ███ maintains its objection that such request(s) are duplicative and impose undue burden and/or expense on a non-party.

With respect to Subpoena Requests Nos. 43-45, which are directed specifically to Alvogen's documents, such Requests are contrary to Federal Rules of Civil Procedure Rule 45(c)(1) and should be withdrawn.  ███ maintains the objections enumerated in ███ Response to Plaintiffs' Subpoena for these Requests.

## III.   Third-Party Confidential Information

Subpoena Request Nos. 1, 2, 13, 14, 16, 18, 20, 22, 24, 26, 29, 31, 33-35, 37, 39 and 46-48 are extremely broad, encompassing "[a]ll documents and things" concerning various components that make up Alvogen's ANDA Products but do not limit the Requests to Alvogen's ANDA Products.  These Requests encompass documents that contain proprietary information belonging to ███ vendors, contractors and other development partners, among others. ███ is not at liberty to produce the confidential information of these third parties.  ███ maintains the objections enumerated in ███ Response to Plaintiffs' Subpoena for these Requests.

Subpoena Request Nos. 50 and 51 are directed broadly to any rivastigmine transdermal system, including those that have not been developed or manufactured by ███.  These requests encompass documents that contain proprietary information that ███ does not have access to and/or is not at liberty to produce. ███ maintains the objections enumerated in ███ Response to Plaintiffs' Subpoena for these Requests.

## IV.   Patches of Alvogen's ANDA Product (Request Nos. 3-12)

With respect to the 100 patches (per dosage strength) that ███ has agreed to produce (see ███ Response to Plaintiffs' Subpoena for these Requests), ███ will produce the samples in accordance with deadlines set by the Court with appropriate documentation that will identify the batch number and date of manufacture, to the extent these samples have not been produced by Alvogen.

With respect to Request Nos. 6, 10 and 12 requesting information on more recently manufactured batches that exist beyond those set forth in Alvogen's ANDA, such materials are at least duplicative and cumulative of materials ███ has already agreed to provide in response

**HIGHLY CONFIDENTIAL**
August 9, 2013
Page 3

to Request Nos. 3-5, 7-9 and 11. ▮▮▮▮ maintains the objections enumerated in ▮▮▮▮
Response to Plaintiffs' Subpoena for these Requests with respect to Request Nos. 6, 10 and 12.

    With respect to the location of production, it is ▮▮▮▮ understanding that Plaintiffs
represented to the Court that Dr. Martyn Davies is presently a consultant in the case and that it is
still "up-in-the-air" as to whether Dr. Davies will be retained as an expert in the above-
referenced litigation. (See D.I. 46 at 7:10-24.) It is unclear to ▮▮▮▮ how production of samples
to a consultant that may or may not be called as a testifying witness will alleviate chain-of-
custody issues for Plaintiffs. If Plaintiffs confirm that Dr. Davies will be called as a testifying
expert, barring unforeseen circumstances, ▮▮▮▮ will reconsider its position with respect to this
issue.

**V.    Request for Documents and Materials Concerning
       the Packaging to Alvogen's ANDA Products (Request Nos. 14 and 15)**

    As you know, the claims of U.S. Patent Nos. 6,316,023 and 6,335,031, the patents at
issue in this case ("Patents-in-Suit"), are directed to rivastigmine pharmaceutical compositions
that contain an antioxidant and transdermal devices comprising such compositions. The claims
are not directed to the packaging of such compositions. ▮▮▮▮ maintains the objections
enumerated in ▮▮▮▮ Response to Plaintiffs' Subpoena for these Requests.

**VI.   Request for Documents Concerning Components
      (Request Nos. 16, 18, 20, 22, 24, 26, 29, 31, 37, 39, 46, 48)**

    The claims of the Patents-in-Suit are to rivastigmine pharmaceutical compositions that
contain an antioxidant and transdermal devices comprising such compositions. They are not
directed to components that comprise such pharmaceutical compositions. ▮▮▮▮ maintains its
relevancy objection and the other objections enumerated in ▮▮▮▮ Response to Plaintiffs'
Subpoena for these Requests.

**VII.  Request Nos. 14-32, 37-46 and 48-49**

    Request Nos. 14-16, 18, 20, 22, 24, 26, 29, 31, 37, 39, 43-46 and 48 have been addressed
above. Requests Nos. 17, 19, 21, 23, 25, 27, 28, 30, 32, 38 and 40-42 are directed to components
that make up Alvogen's ANDA Products or components of components that make up Alvogen's
ANDA Products. As already addressed in Section VI above, these components are not the
rivastigmine pharmaceutical compositions or transdermal devices comprising such compositions
at issue in the Patents-in-Suit. As such, ▮▮▮▮ maintains its relevancy objection and the other
objections enumerated in ▮▮▮▮ Response to Plaintiffs' Subpoena for these Requests.
Furthermore, the components requested in Requests Nos. 17, 19, 21, 23, 30, 32, 38 and 40-42 are
commercially available from the vendors disclosed in Alvogen's ANDA, which has already been
provided to Plaintiffs.

**HIGHLY CONFIDENTIAL**
August 9, 2013
Page 4

     With respect to Request No. 49 and to the extent it understands the Request, ▆▆ took no part in the decision to file Alvogen's ANDA and therefore has no documents responsive to this Request.

**VIII.**   **Request for Documents Concerning**
       **Stability of Rivastigmine (Request Nos. 35 and 51)**

     Subpoena Request Nos. 35 and 51 are extremely broad, encompassing "[a]ll documents and things" concerning the stability of rivastigmine and is not limited to Alvogen's ANDA Products. These Requests encompass documents that contain proprietary information belonging to ▆▆▆ vendors, contractors and other development partners, among others. ▆▆ is not at liberty to produce the confidential information of these third parties. ▆▆▆ maintains the objections enumerated in ▆▆▆ Response to Plaintiffs' Subpoena for these Requests.

     ▆▆ has already responded that it would produce "documents related to the research and development of Alvogen's ANDA Products." (See ▆▆▆ Response to Plaintiffs' Subpoena for these Requests, Response to Request No. 51.) ▆▆ is unclear as to what further confirmation Plaintiffs seek.

**IX.**   **Definition of "**▆▆▆▆▆▆▆▆▆**"**

     We have advised ▆▆ that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Sincerely,

Josephine Liu, Ph.D., J.D.

cc:   Filko Prugo
     Nicholas Kallas
     Daniel M. Silver
     Dominick Gattuso

# Exhibit 11

PUBLIC VERSION

AXINN | VELTROP | HARKRIDER | LLP

AXINN, VELTROP & HARKRIDER LLP
114 WEST 47TH STREET  NEW YORK, NY 10036
TEL: 212.728.2200  FAX: 212.728.2201

950 F STREET, N.W. WASHINGTON, DC 20004
TEL: 202.912.4700  FAX: 202.912.4701

90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702
TEL: 860.275.8100  FAX: 860.275.8101

www.avhlaw.com

JOSEPHINE LIU
(212) 261-5648
JL@AVHLAW.COM

August 12, 2013

CONFIDENTIAL

VIA ELECTRONIC MAIL

Christopher Loh
Fitzpatrick, Cella, Harper & Scinto
1209 Avenue of the Americas
New York, NY 10104-3800

     Re:    Novartis Pharms. Corp. et al. v. Alvogen Pine Brook, Inc. et al.,
             Case No. 1:13-cv-00052-RGA (D. Del.)

Dear Chris:

      We write in response to your letter of August 3, 2013 regarding Alvogen's Objections and Responses to Plaintiffs' Second Set of Requests for the Production of Documents and Things (Nos. 55-79), dated June 28, 2013.

**I.**        █████████ **Bankruptcy**

      ██████████████████ filed for Chapter 7 bankruptcy in March 2013. Alvogen has been working to retrieve its product samples from ███████ but has not been successful to date. Alvogen is currently working with ███████ on obtaining samples for production and will produce the samples in accordance with the deadlines set by the Court with appropriate documentation that will identify the batch number and the date of manufacture.

**II.**     **Components of Alvogen's ANDA Product**

      As a clarification to our letter of July 9, 2013, Alvogen maintains its relevancy objection and the other objections enumerated in Alvogen's Response to Plaintiffs' Requests for Production of the components of Alvogen's ANDA Product. The claims of U.S. Patent Nos. 6,316,023 and 6,335,031 are to rivastigmine pharmaceutical compositions that contain an

CONFIDENTIAL

August 12, 2013
Page 2

antioxidant and transdermal devices comprising such compositions.  They are not directed to
components that comprise such pharmaceutical compositions.

Sincerely,

Josephine Liu, Ph.D., J.D.

cc:    Filko Prugo
       Nicholas Kallas
       Daniel M. Silver
       Dominick Gattuso

# Exhibit 12

PUBLIC VERSION

## Loh, Christopher

| | |
|---|---|
| **From:** | Loh, Christopher <CLoh@fchs.com> |
| **Sent:** | Wednesday, August 14, 2013 7:38 PM |
| **To:** | #Exelon Patch |
| **Subject:** | FW: Novartis v. Alvogen, C.A. No. 13-52 (D. Del.) |

From: Loh, Christopher
Sent: Wednesday, August 14, 2013 7:37 PM
To: Liu, Josephine
Cc: Landman, Chad A.; Russell, Thara L.; 'Gattuso, Dominick <DGattuso@proctorheyman.com>'; Kallas,Nicholas; Prugo, Filko; 'Silver, Daniel'
Subject: RE: Novartis v. Alvogen, C.A. No. 13-52 (D. Del.)

Dear Josephine,

This concerns the ongoing failure of Alvogen to produce the samples requested in Plaintiffs' May 28, 2013 requests for production, and of ▮▮▮ to produce the samples and documents requested in Plaintiffs' May 28, 2013 subpoena.

To date, all Alvogen has produced in this litigation is its ANDA and a handful of other documents.   And in view of your letters of August 9 and 12, 2013, it seems that, going forward, all Alvogen and ▮▮▮ are willing to produce in this litigation are (i) an unknown quantity of finished product samples and (ii) a few ▮▮▮ documents, to the extent that they are non-duplicative of Alvogen's production.

Additionally, it appears that ▮▮▮ has conditioned its production of any of the requested samples or documents on a "proposed protective order" that we have yet to see, and that Alvogen and ▮▮▮ have further conditioned their production of samples on some imaginary "deadline set by the Court." Plaintiffs are not aware of any such deadline.

Please let me know when next week Alvogen is available to meet and confer on these issues. If we are not able to come to a satisfactory resolution of these issues by the end of next week, Plaintiffs will have no choice but to bring them to the Court's attention.

Best regards,

Christopher E. Loh
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2206
F 212-218-2200
CLoh@fchs.com
http://www.fitzpatrickcella.com

-----Original Message-----
From: Liu, Josephine [mailto:JL@avhlaw.com]
Sent: Monday, August 12, 2013 6:56 PM
To: Loh, Christopher
Cc: Landman, Chad A.; Russell, Thara L.; 'Gattuso, Dominick <DGattuso@proctorheyman.com>'; Kallas,Nicholas; Prugo, Filko; 'Silver, Daniel'
Subject: RE: Novartis v. Alvogen, C.A. No. 13-52 (D. Del.)

1

Counsel,

Please see the attached correspondence.

Best regards,

Josephine

Josephine Liu, Ph.D., J.D.
Counsel
Axinn | Veltrop | Harkrider | LLP
114 West 47th Street
New York, New York 10036
(212) 261-5648
(212) 728-2201 (fax)
jl@avhlaw.com
www.avhlaw.com<http://www.avhlaw.com/>

From: Loh, Christopher [mailto:CLoh@fchs.com]
Sent: Saturday, August 03, 2013 12:13 PM
To: Liu, Josephine
Cc: Landmon, Chad A.; Russell, Thara L.; 'Gattuso, Dominick <DGattuso@proctorheyman.com>'; Kallas,Nicholas; Prugo,
Filko; 'Silver, Daniel'
Subject: Novartis v. Alvogen, C.A. No. 13-52 (D. Del.)

Counsel,

Please see the attached correspondence.

Best regards,

Christopher E. Loh
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2206
F 212-218-2200
CLoh@fchs.com<mailto:CLoh@fchs.com>
http://www.fitzpatrickcella.com<http://www.fitzpatrickcella.com/>

---

----------------------------------------------------------------------- This email message and any attachments are intended for the
use of the addressee(s) indicated above. Information that is privileged or otherwise confidential may be contained
therein. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this
message, documents or information contained therein is strictly prohibited. If you have received this message in error,
please immediately delete it and notify us by telephone at (212) 218-2100. Thank you.

*******************************************************************

Notice:  The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider
LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you

are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

************************************************************************

Exhibit 13

PUBLIC VERSION

AXINN | VELTROP | HARKRIDER | LLP

JOSEPHINE LIU
(212) 261-5648
JL@AVHLAW.COM

AXINN, VELTROP & HARKRIDER LLP
114 WEST 47TH STREET  NEW YORK, NY 10036
TEL: 212.728.2200  FAX: 212.728.2201

950 F STREET, N.W. WASHINGTON, DC 20004
TEL: 202.912.4700  FAX: 202.912.4701

90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702
TEL: 860.275.8100  FAX: 860.275.8101

www.avhlaw.com

August 22, 2013

HIGHLY CONFIDENTIAL

VIA ELECTRONIC MAIL

Christopher Loh
Fitzpatrick, Cella, Harper & Scinto
1209 Avenue of the Americas
New York, NY 10104-3800

      Re:    Novartis Pharms. Corp. et al. v. Alvogen Pine Brook, Inc. et al.,
              Case No. 1:13-cv-00052-RGA (D. Del.)

Dear Chris:

    We write in response to your e-mail of August 14, 2013.

**I.    Patches of Alvogen's ANDA Products**

    It is ▮▮▮▮ understanding that Alvogen has already produced its 4.6 mg/24 hr and 9.5 mg/24 hr ANDA Products and will produce its 13.3 mg/24 ANDA Product.  Please advise as to what additional issues Plaintiffs contend remain.

**II.    Document Production**

    ▮▮▮▮ addressed Plaintiffs' letter of August 3, 2013 and confirmed production of responsive, non-privileged documents related to technical information supporting any amendment or supplement to the ANDA that were created on or after January 4, 2013 by ▮▮▮▮, within its possession, custody or control located after a reasonably diligent search if such production is non-duplicative of any production by Alvogen.  (See August 9, 2013 Letter to Christopher Loh from Josephine Liu at 1-2.)  ▮▮▮▮ also reconfirmed it would produce "documents related to the research and development of Alvogen's ANDA Products." (Id. at 4.)

**HIGHLY CONFIDENTIAL**
August 22, 2013
Page 2

████ is unaware of any outstanding issues with respect to document production.  Please advise as to what additional issues Plaintiffs contend remain.

**III.     Proposed Protective Order**

A proposed protective order that appropriately protects ████ confidential information is attached.

Please specify the exact nature of what Plaintiffs contend to be remaining issues with respect to the ████ Objections and Responses to Plaintiffs' Subpoena to Produce Documents, Information of Objects (Nos. 1-51), dated June 28, 2013.

Sincerely,

Josephine Liu, Ph.D., J.D.

cc:     Filko Prugo
        Nicholas Kallas
        Daniel M. Silver
        Dominick Gattuso

Exhibit 14

PUBLIC VERSION

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

| CHRISTOPHER E. LOH | NEW YORK |
| cloh@fchs.com | 1290 Avenue of the Americas |
| (212) 218-2206 | New York, NY 10104-3800 |
| | T 212-218-2100 |
| www.fitzpatrickcella.com | F 212-218-2200 |

September 5, 2013

**VIA EMAIL**                                                                    **CONFIDENTIAL**

Josephine Liu, Ph.D., J.D.
Axinn Veltrop Harkrider LLP
114 West 47th Street
New York, NY 10036

Re:     *Novartis v. Alvogen*, No. 13-cv-52-RGA (D. Del.) (consolidated)

Dear Josephine,

This responds to your August 22, 2013 letters on behalf of Alvogen and ▮▮▮▮

**Discovery of Components of Alvogen's Product**

We disagree with your assertion that discovery of the components of Alvogen's Product are not relevant to matters concerning the claims of the asserted patents. Alvogen's and Acino's ongoing refusal to produce those components leaves us no choice but to subpoena the suppliers of the components and to seek the Court's assistance in procuring the necessary samples.

▮▮▮ **Proposed Protective Order**

Plaintiffs understand that the proposed protective order attached to your August 22, 2013 correspondence covers only the production of ▮▮▮ confidential information to Plaintiffs in this action. Plaintiffs further understand that the confidential information produced by Plaintiffs in this action is covered by the parties' earlier March 21, 2013 protective order (13-cv-52, D.I. 28), and that ▮▮▮ will not be able to access Plaintiffs' confidential information other than by complying with the terms of the March 21, 2013 order. Please confirm that Plaintiffs' understanding is correct. If Plaintiffs' understanding is correct, then Plaintiffs agree to your August 22, 2013 proposed protective order covering the production of ▮▮▮ confidential information.

**Timing of Document Production**

As indicated in my email of August 14, 2013, all that Alvogen has produced in the way of documents are its ANDA and a handful of other documents. In view of the approaching October 4, 2013 close of document discovery, we would appreciate an estimate of when Alvogen and ▮▮▮ will begin and end the production of the additional requested documents, including in particular documents related to the research and development of Alvogen's ANDA Products. As we are sure you can appreciate, if additional document discovery is required, we would like to bring that matter to the Court's attention before October 4, 2013.

Josephine Liu, Ph.D., J.D.
Page 2 of 2
September 5, 2013


Very truly yours,


Christopher E. Loh

cc:     Dominick Gattuso, Esq. (*via email*)
        Daniel Silver, Esq. (*via email*)

# Exhibit 15

PUBLIC VERSION

AXINN | VELTROP | HARKRIDER | LLP

**AXINN, VELTROP & HARKRIDER LLP**
90 STATE HOUSE SQUARE HARTFORD, CT 06103-3702
TEL: 860.275.8100 FAX: 860.275.8101

114 WEST 47TH STREET NEW YORK NY 10036
TEL 212.728.2200 FAX 212.728.2201

950 F STREET, N.W. WASHINGTON, DC 20004
TEL 202.912.4700 FAX 202.912.4701

www.avhlaw.com

CHAD A. LANDMON
(860) 275-8170
CAL@AVHLAW.COM

September 19, 2013

<u>HIGHLY CONFIDENTIAL</u>

<u>VIA ELECTRONIC MAIL</u>

Christopher Loh
Fitzpatrick, Cella, Harper & Scinto
1209 Avenue of the Americas
New York, NY 10104-3800

> Re:   Novartis Pharms. Corp. et al. v. Alvogen Pine Brook, Inc. et al.,
> <u>Case No. 1:13-cv-00052-RGA (D. Del.)</u>

Dear Chris:

I write in response to your email of September 16, 2013 regarding Plaintiffs' request for the production of a number of components used in the manufacture of Alvogen's ANDA Products.

First, it is unclear whether your email is addressed to Alvogen or to ▮▮▮▮  Your email specified Requests Nos. 65-79 of Plaintiffs' Second Set Of Requests To Alvogen For The Production Of Documents And Things.  As you know, however, Alvogen indicated months ago that it does not have the materials specified in those requests.  (<u>See</u> July 9, 2013 and August 22, 2013 Letters from Josephine Liu to Christopher Loh.)  Obviously, Alvogen cannot produce materials that it does not possess.

Assuming, therefore, that your email is directed to ▮▮▮▮, we have several times explained the basis for our relevance objection to Plaintiffs' requests, to wit:  The claims of the '023 and '031 patents are directed to rivastigmine pharmaceutical compositions that contain an antioxidant and transdermal devices comprising such compositions.  They are not directed to components that comprise such pharmaceutical compositions.  (<u>See</u> August 22, 2013 Letter from Josephine Liu to Christopher Loh; August 12 Letter from Josephine Liu to Christopher Loh.)

We appreciate your eventual response to our objection three days ago, in which you assert that the components are relevant to infringement because: "(i) the claims of the '023 and '031 patents-in-suit require an antioxidant and (ii) Plaintiffs are entitled to discovery of the components of Alvogen's ANDA Products to determine whether they contain an antioxidant." (September 16, 2013 E-mail from Christopher Loh to Chad A. Landmon.)  We do not see, however, how your position explains the relevance of these components given the substantial number of samples of Alvogen's entire ANDA Product that have been and will be produced.

**HIGHLY CONFIDENTIAL**
Christopher Loh
September 19, 2013
Page 2

Plaintiffs may run any tests on these samples they believe appropriate, including tests for an antioxidant.

Nevertheless, to avoid unnecessary disputes, ▆▆▆▆ agrees to produce the following:

- 20 g of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ used in Alvogen's ANDA Products in response to Subpoena Request No. 23;
- 20 g of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ used in Alvogen's ANDA Products in response to Subpoena Request No. 25;
- 20 g of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ used in Alvogen's ANDA Products in response to Subpoena Request No. 27;
- 20 g of the ▆▆▆▆▆▆▆▆▆▆▆ used in Alvogen's ANDA Products in response to Subpoena Request No. 30; and
- 20 g of the ▆▆▆▆▆▆▆▆▆▆▆ used in Alvogen's ANDA Products in response to Subpoena Request No. 32.

Regarding your inclusion of Request for Production No. 77 to Alvogen, which asks for a sample of the rivastigmine API, we note that ▆▆▆▆ already agreed to produce 10 g of the ▆▆▆▆▆▆▆▆ rivastigmine API used in Alvogen's ANDA Products in response to Subpoena Request No. 36 in its June 28, 2013 Responses And Objections To Plaintiffs' Subpoena To Produce Documents, Information Or Objects. ▆▆▆▆ is now in a position to do so, as we received today the signed Acknowledgement To Be Bound to the September 9, 2013 Protective Order from Plaintiffs' expert, Dr. Martyn Davies.

▆▆▆▆ maintains its relevancy objections with respect to Subpoena Request Nos. 28, 38, 40, 41 and 42. These requests pertain to *intermediates* used in the manufacture of components in Alvogen's ANDA Products. Contending that material twice removed from the allegedly infringing product is somehow relevant stretches the meaning of that term well beyond the accepted bounds, particularly when Plaintiffs will have in hand both the actual product and components prepared from intermediates. ▆▆▆▆ also maintains its relevancy objections with respect to Subpoena Request Nos. 15, 17, 19 and 21. These components are not part of the "pharmaceutical composition" of Alvogen's ANDA product, but are used only to provide structure to the patch, contain the patch and/or protect the adhesive layer of the composition prior to use of the patch. Thus, they cannot have any bearing on the issue of infringement.

We hope and expect that the above resolves this discovery issue. If Plaintiffs nevertheless believe there are issues outstanding, we are available for a meet-and-confer at the beginning of next week.

Sincerely,

*Chad A. Landman*

Chad A. Landmon

PUBLIC VERSION

**HIGHLY CONFIDENTIAL**
Christopher Loh
September 19, 2013
Page 3

cc:    Daniel M. Silver
       Dominick Gattuso

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------- X
NOVARTIS PHARMACEUTICALS           :
CORPORATION, NOVARTIS AG,          :
NOVARTIS PHARMA AG, NOVARTIS       :
INTERNATIONAL PHARMACEUTICAL       :
LTD. and LTS LOHMANN THERAPIE-     :    C.A. No. 1:13-CV-00052-RGA
SYSTEME AG                         :          (consolidated)
                                   :
         Plaintiffs,               :
                                   :
                                   :
v.                                 :    CONFIDENTIAL – SEALED
                                   :    PURSUANT TO PROTECTIVE
ALVOGEN PINE BROOK, INC. and       :    ORDER
ALVOGEN GROUP, INC.                :
                                   :
         Defendants.               :
--------------------------------------------- X
```

### [PROPOSED] SEALED ORDER

IT IS HEREBY ORDERED this ____ day of _____, 2013 that Plaintiffs' request for

the production of the following materials is GRANTED:

| Items To Produce |
|---|
| 5 g ███████████████ in a screw-top glass container. |
| 500 g ████████████ in a screw-top glass container. |
| 500 g █████████████ in a screw-top glass container. |
| 500 g ███████████ in a screw-top glass container. |
| 20 g rivastigmine in a screw-top glass container. |
| 5 square meters of ███████████████ |
| 5 square meters of █████████████████ |
| 5 square meters of █████████ |
| 1 kg ████████████ in a screw-top glass container. |

| Items To Produce |
| --- |
| 1 kg ███████████ in a screw-top glass container. |
| 1 kg ███████████ in a screw-top glass container. |
| 400 patches from each of the three ANDA-listed batches ███████████████████ of the 4.6 mg/24 hr ANDA Product. |
| 200 patches from each of the three ANDA-listed batches ███████████████ of the 9.5 mg/24 hr ANDA Product. |
| 200 patches from the ANDA-listed batch ██████████ of the 13.3 mg/24 hr ANDA Product. |
| 200 ████████████████████████ |

IT IS HEREBY FURTHER ORDERED that Defendants and/or ███████ shall produce the above-referenced materials in the specified quantities to Plaintiffs within 14 days of this Order.

IT IS HEREBY FURTHER ORDERED that the parties shall meet and confer and submit a proposed redacted version of this Order to the Court for public filing within three (3) days.

_____
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing letter were caused to be served on September 30, 2013 on the following counsel in the manner indicated:

**BY E-MAIL**

Dominick T. Gattuso
PROCTOR HEYMAN, LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
*dgattuso@proctorheyman.com*

**BY E-MAIL**

Chad A. Landmon
Thomas K. Hedemann
AXINN, VELTROP & HARKRIDER LLP
90 State House Square, 9th Floor
Hartford, CT 06103-3704
*cal@avhlaw.com*
*tkh@avhlaw.com*

Saira B. Haider
Thara L. Russell
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
*sbh@avhlaw.com*
*tlr@avhlaw.com*

Dated:  September 30, 2013

/s/ Daniel M. Silver
Daniel M. Silver (#4758)