IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG, : : : : : : : Plaintiffs, : : v. : : ALVOGEN PINE BROOK, INC. and ALVOGEN GROUP, INC., : : : Defendants. : | C.A. No. 1:13-cv-00052-RGA  **PUBLIC VERSION**  Original Filing Date: May 29, 2014 Public Filing Date: June 10, 2014 |

**DEFENDANTS' MOTION FOR LEAVE TO FILE
A MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT**

Defendants Alvogen Pine Brook, Inc. and Alvogen Group Inc. (collectively, "Alvogen") respectfully request leave of the Court to file a motion for summary judgment of noninfringement of U.S. Patents No. 6,355,031 ("the '031 patent") and 6,316,023 ("the '023 patent") in C.A. No. 1:13-cv-00052-RGA, which pertains to Alvogen's Abbreviated New Drug Application ("ANDA") for a rivastigmine transdermal system, 4.6 mg/24 hr and 9.5 mg/24 hr dosage strengths ("Alvogen's ANDA Products").[1]

Each and every claim of the '031 and '023 patents requires an antioxidant. To prove infringement, Plaintiffs Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd. and LTS Lohmann Therapie-Systeme AG (collectively, "Plaintiffs") must therefore prove that the ANDA Products contain an antioxidant.

---

[1] Attached as Exhibits A-D are Alvogen's proposed Defendants' Motion for Summary Judgment of Noninfringement, Memorandum of Law in Support of Defendants' Motion for Summary Judgment of Noninfringement, Declaration of Thomas K. Hedemann in Support of Defendants' Motion for Summary Judgment of Noninfringement, and Proposed Order .

Alvogen's ANDA states that the ANDA Products do not contain an antioxidant. During fact discovery, Plaintiffs stated that future testing by their experts would demonstrate the presence of an antioxidant in the ANDA Products. Plaintiffs did not provide any expert report to Alvogen by the May 2, 2014 deadline, however, and thus cannot carry their burden of proof. Summary judgment of noninfringement is therefore appropriate.

On May 3, 2014, Plaintiffs provided Alvogen with a covenant not to sue that covers Alvogen's high-dose 13.3 mg/24 hr rivastigmine transdermal system, which is the subject matter of the related C.A. No. 1:13-cv-00370-RGA. The parties have agreed to a voluntary dismissal of all claims and counterclaims in that matter. Therefore, upon the entry of summary judgment of noninfringement here, Alvogen will not be a party to any suit involving the '031 and '023 patents.

WHEREFORE, Alvogen respectfully requests that the Court grant its motion for leave to file a motion for summary judgment of noninfringement.

PROCTOR HEYMAN LLP

/s/ Dominick T. Gattuso
Dominick T. Gattuso (# 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
dgattuso@proctorheyman.com
(302) 472-7300

*Attorneys for Defendants Alvogen Pine Brook, Inc. and Alvogen Group, Inc.*

OF COUNSEL:

AXINN, VELTROP & HARKRIDER LLP
Chad A. Landmon
Thomas K. Hedemann
90 State House Square, 9th Floor
Hartford, CT 06103-3704
cal@avhlaw.com
tkh@avhlaw.com
(860) 275-8100

AXINN, VELTROP & HARKRIDER LLP
Thara L. Russell
114 West 47th Street
New York, NY 10036
tlr@avhlaw.com
(212) 261-5658

Dated: May 29, 2014