IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG, <br><br> Plaintiffs, <br><br> v. <br><br> ALVOGEN PINE BROOK, INC. and ALVOGEN GROUP, INC., <br><br> Defendants. | C.A. No. 1:13-cv-00052-RGA <br><br> **PUBLIC VERSION** <br><br> Original Version Filed: June 18, 2014 <br> Public Version Filed: June 25, 2014 |

**DEFENDANTS' REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE
A MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT**

Plaintiffs do not contest Alvogen's motion for leave to file a motion for summary judgment of noninfringement in the above-captioned Hatch-Waxman patent infringement lawsuit, C.A. No. 13-cv-52-RGA (Plaintiffs' Response to Alvogen's Motion for Leave to File a Motion for Summary Judgment of Noninfringement, D.I. 167 ("Plaintiffs' Response"), at 2.) Plaintiffs also do not contest the entry of summary judgment that Alvogen's 4.6 mg/24 hr and 9.5 mg/24 hr rivastigmine transdermal system products do not infringe U.S. Patents No. 6,355,031 ("'031 patent") and 6,316,023 ("'023 patent"). (Id.) Alvogen therefore respectfully requests that the Court enter the Proposed Order attached to Plaintiffs' Response, thereby granting both Alvogen's motion for leave to file a motion for summary judgment, and summary judgment that

Alvogen's 4.6 mg/24 hr and 9.5 mg/24 hr rivastigmine transdermal system products do not infringe the '031 and '023 patents.[1]

Although not material to Alvogen's uncontested motions, Alvogen disagrees with Plaintiffs' stated belief that the covenant not to sue provided by Plaintiffs could extinguish the Court's subject matter jurisdiction.  (Id.)  On the contrary, "[t]here is ample authority supporting the proposition that a later ANDA filer's declaratory judgment claims involving patents for which the patent holder has given a covenant not to sue are justiciable."  Purdue Pharma. Products, L.P. v. Actavis Elizabeth, LLC, No. 12-5311, 2014 WL 1394178 at *5 (D.N.J. April 9, 2014).  See also Dey Pharma, LP v. Sunovion Pharma. Inc., 677 F.3d 1158, 1163-66 (Fed. Cir. 2012) (jurisdiction exists where an ANDA applicant received a covenant not to sue on an Orange Book patent); Dey, L.P., v. Sepracor, Inc., 595 F.Supp.2d 355, 359-62 (D. Del. 2009) (same).  The two cases Plaintiffs cite are inapposite because they are not Hatch-Waxman cases and therefore lack the regulatory framework that preserves the justiciable Article III controversy.

WHEREFORE, Alvogen respectfully requests that the Court enter the Proposed Order attached to Plaintiffs' Response (D.I. 167).

---

[1] As Plaintiffs note, the parties are currently negotiating dismissal of C.A. No. 13-cv-370-RGA involving Alvogen's higher-dose, 13.3 mg/24 hr rivastigmine transdermal system (the "13-370 suit").

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
dgattuso@proctorheyman.com

*Attorneys for Defendants Alvogen Pine Brook, Inc. and Alvogen Group, Inc.*

OF COUNSEL

AXINN, VELTROP & HARKRIDER LLP
Chad A. Landmon
Thomas K. Hedemann
90 State House Square, 9th Floor
Hartford, CT 06103-3704
cal@avhlaw.com
tkh@avhlaw.com

AXINN, VELTROP & HARKRIDER LLP
Thara L. Russell
114 West 47th Street
New York, NY 10036
tlr@avhlaw.com

Dated: June 18, 2014